[Field, J., having been counsel in the Court below, did not sit in the case.]

---

THE PEOPLE *ex rel.* TALLANT *v.* TILLINGHAST, (TREAS-URER OF THE CITY AND COUNTY OF SAN FRAN-CISCO.)

People ex rel. McLane v. Bond, Assessor, (ante, 563,) affirmed.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This was an application to the Court below, for a *mandamus* against the defendant, as treasurer of the city and county of San Francisco, to compel him as such treasurer to pay to the commissioners of the funded debt of the city of San Francisco, the sum of $197,000, for interest and sinking fund for the year 1857–8, in pursuance of the provisions of the Act of May 1, 1851, "Authorizing the Funding of the Floating Debt of the City of San Francisco, and to provide for the Payment of the same."

The record presents the same questions as those in the case of The People ex rel. McLane v. Bond, Assessor.

The Court below denied the application for a peremptory *mandamus*, on the ground that the demand of the relators must be first audited by the board of supervisors before it could be paid by the treasurer. The relator appealed to this Court.

*Williams and Haight* for Appellant.

*F. P. Tracy* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

The principle governing this case was decided by us in the case of People ex rel. McLane v. Bond, Assessor. In that case we held that the treasurer was bound to pay over the money collected and paid into the treasury on account of the commissioners of the funded debt; that direct relations were established by that act between the treasurer and the commissioners; that no auditing of these claims was necessary; that the supervisors of the city and county had no right to interfere with the discharge of duty of the treasurer in making this payment; that this payment was an unconditional duty not dependent upon the will of the supervisors or any other officers of the municipal government; and that, neither by their action or non-action, can

County of San Francisco v. Fund Commissioners.

they in any way hinder, embarrass, or delay the payment of the money by the treasurer, or the right of the commissioners to receive it.   For the reasons given in our opinion in that case, and now re-affirmed, we reverse the judgment of the Court below, with directions to enter judgment in pursuance of this opinion.