# CASES DETERMINED

IN

# THE SUPREME COURT,

## JULY TERM, 1859.

---

### THORNTON *v.* HOOPER *et als.*

THE Act of 1858, amendatory of the Act of May 1st, 1851, authorizing the "Funding of the Floating Debt of the City of San Francisco, and to provide for the payment of the same," is constitutional. The amendment, that the Commissioners may purchase stock at five per cent. above par, does not affect injuriously the creditors under the Act of 1851.

The Act of 1851 is a law as well as a contract. And those provisions, which are mere modes of giving effect to the substantial purposes of the Act, may be revised and altered. The Constitution forbids impairing the obligation of contracts, but does not inhibit legislation respecting them.

If, under the Act, a large surplus accumulates, it may be applied to the purchase of bonds, even if no provision exist in the Act for payment before the bonds are due.

APPEAL from the Twelfth District.

Application for a *mandamus*, commanding defendants, as Commissioners of the Funded Debt of San Francisco, under the Act of May 1st, 1851, to receive and redeem bonds to the amount of eight thousand dollars.

In September, 1858, said Commissioners published a notice that they would redeem bonds to the amount of twenty thousand dollars, provided, that no bid would be accepted at a higher

2

rate than par and interest. Accordingly, bids were offered to surrender twelve thousand dollars of bonds at par and interest. The next best offer was that of plaintiff, to surrender eight thousand dollars of bonds at five per cent. premium and interest.

Defendants rejected this bid, on the ground that the Act of 1858, amending the Act of 1851, was unconstitutional, because a diversion of the Sinking Fund. *Mandamus* issued. Defendants appeal.

*F. M. Haight,* for Appellants.

The restriction to a purchase at par was part of the contract created by the Act of 1851. (*People* v. *Tillinghast,* 10 Cal. 584, and cases cited.) Any bonus paid would diminish the fund provided for final redemption of the bonds. If the Legislature can authorize a purchase of the bonds at five per cent. premium, they may at ten, or any higher rate. (See, also, *People ex rel. McLane* v. *Bond,* 10 Cal. 563.)

*J. R. Wilde,* for Respondent.

The amendatory Act of 1858 does not affect injuriously the security of the bondholders, nor does it impair the contract made with them under the Act of 1851. The Constitution (Art. 1st, Sec. 16,) does not prevent amendments to laws creating contracts, but simply inhibits the impairing of such contracts. This amendatory Act increases the security of the bondholders. The redemption of bonds now, will save the interest for twelve years at ten per cent. per annum on all bonds redeemed; or, in other words, one hundred and twenty per cent. less five per cent.—as the bonds run until 1871.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

In this case the question is as to the constitutionality of the law of 1858, entitled "An Act to amend an Act entitled 'An Act to authorize the Funding of the Floating Debt of the City of San Francisco, and to provide for the Payment of the same,'" passed May 1, 1851. (Session Laws of 1858, p. 178.)

The Act of May 1, 1851, to which this amendatory Act relates, is found in Session Laws of 1851, p. 387. The 2d Section of the Act of 1858 is an amendment of the 14th Section of the Act

of 1851. This section of the Act of 1851 provided for the purchase or redemption of the stock in the manner therein provided; "*provided*, that no stock shall be so purchased at a price higher than par." The amendment provides that the Commissioners shall not purchase at a price greater than five per cent. above par. The plaintiff in this case made his proposals to surrender stock to the amount of twenty thousand dollars at five per cent. above par. It is conceded the Commissioners had the funds and could make the purchase, and the only question is, whether the provision contained in the Act of 1851, restricting a purchase at not above par, entered into, and was part of, the contract of the city creditors. An order for a *mandamus* was made *pro forma* by the Judge of the Twelfth District Court, from which the Commissioners appealed.

The only question in the case, under the previous ruling of this Court, in the suit of *The People ex rel. The Commissioners* v. *Tillinghast*, (10 Cal. 584,) is, whether this restriction to a par purchase entered into, and was a part of, the contract created by the law of 1851.

We think the amendatory Act is not unconstitutional. It must be remembered that the Act of 1851 is a law as well as a contract. It is not, in all of its provisions, absolutely unchangeable. While in its substantive provisions it partakes of the nature of a contract, and has the sanctity and inviolability of one, yet it is of the very nature of the law, that those of its provisions which are merely legislative modes to give effect to the substantial purposes of the Act, may need revision and alteration. The details may, as in other laws, be altered where the alteration does not affect the security of the bondholders. New provisions may be added for their security, and other provisions may be added for the protection or security of the city. The Constitution does not inhibit all legislation in respect to contracts; it only forbids the impairing of their obligation. The fund here raised is sacred to the objects to which the Act devotes it. This fund cannot be impaired or diverted from the object; but, we apprehend, if a large surplus accumulates, that surplus might be applied to the payment of bonds, even if no provision existed in the Act for such payment before they were due, and this though they had to be paid in full, and although the money placed out

at interest *might* be much more in amount when the bonds matured than the sum of the bonds and interest. The fund is amply sufficient to pay these debts, and the security is not at all impaired by the calling in of the bonds at the rates proposed by the amendatory Act. Indeed, the security of these creditors, as the Respondent's counsel well argues, is increased by this process, for the best investment a public body can make of its surplus money is to pay its debts. It is true that, possibly, the money might be used to greater profit, but all experience shows that the result is nearly always otherwise, and that, as a general thing, no speculation a municipal corporation can be expected to enter into will make a profit of *five per cent.* for the first year, and *ten per cent. per annum* for a series of years afterward.

We think the Legislature might provide for the security of these surplus moneys, and we can conceive of no better security to the city than her own bonds, or to the bondholders than the money. The other bondholders cannot complain, for the fund is ample to pay them all, and their security is improved by diminishing the amount of the claims upon the general fund.

The argument that, if the Legislature could authorize these bonds to be retired at a premium of *five per cent.* they could at a much higher premium, is not sound ; for, if any Act were passed affecting injuriously the security of the creditors by this or any other means, the Act would be unconstitutional and void. It is because this amendatory Act has no such effect that we consider it not obnoxious to the constitutional objection. (See *People ex rel. McLane* v. *Bond,* 10 Cal. 563 ; 10 Id. 584.)

Judgment affirmed.