Baldwin, J.
delivered the opinion of the Court—Terry, C. J. concurring.
In this case the question is as to the constitutionality of the law of 1858, entitled “An Act to amend an Act entitled <An Act to authorize the Funding of the Floating Debt of the City of San Francisco, and to provide for the Payment of the same/ ” passed May 1,1851. (Session Laws of 1858, p. 178.)
The Act of May 1,1851, to which this amendatory Act relates, is found in Session Laws of 1851, p. 387. The 2d Section of the Act of 1858 is an amendment of the 14th Section of the Act *11 of 1851. This section of the Act of 1851 provided for the par-chase or redemption of the stock in the manner therein provided ; “provided, that no stock shall be so purchased at a price higher than par.” The amendment provides that the Commissioners shall not purchase at a price greater than five per cent, above par. The plaintiff in this case made his proposals to surrender stock to the amount of twenty thousand dollars at five per cent, above par. It is conceded the Commissioners had the funds and could make the purchase, and the only question is, whether the provision contained in the Act of 1851, restricting a purchase at not above par, entered into, and was part of, the contract of the city creditors. An order for a mandamus was made pro forma by the Judge of the Twelfth District Court, from which the Commissioners appealed.
The only question in the case, under the previous ruling of this Court, in the suit of The People ex rel. The Commissioners v. Tillinghast, (10 Cal. 584,) is, whether this restriction to a par purchase entered into, and was a part of, the contract created by the law of 1851.
We think the amendatory Act is not unconstitutional. It must be remembered that the Act of 1851 is a law as well as a contract. It is not, in all of its provisions, absolutely unchangeable. While in its substantive provisions it partakes of the nature of a contract, and has the sanctity and inviolability of one, yet it is of the very nature of the law, that those of its provisions which are merely legislative modes to give effect to the substantial purposes of the Act, may need revision and alteration. The details may, as in other laws, be altered where the alteration does not affect the security of the bondholders. Hew provisions may be added for their security, and other provisions may be added for the protection or security of the city. The Constitution does not inhibit all legislation in respect to contracts; it only forbids the impairing of their obligation. The fund here raised is sacred to the objects to which the Act devotes it. This fund cannot be impaired or diverted from the object; but, we apprehend, if a large surplus accumulates, that surplus might be applied to the payment of bonds, even if no provision existed in the Act for such payment before they were due, and this though they had to be paid in full, and although the money placed out *12 at interest might be much more in amount when the bonds matured than the sum of the bonds and interest. The fund is amply sufficient to pay these debts, and the security is not at all impaired by the calling in of the bonds at the rates proposed by the amendatory Act. Indeed, the security of these creditors, as the Bespondent's counsel well argues, is increased by this process, for the best investment a public body can make of its surplus money is to pay its debts. It is true that, possibly, the money might be used to greater profit, but all experience shows that the result is nearly always otherwise, and that, as a general thing, no speculation a municipal corporation can be expected to enter into will make a profit of five per cent, for the first year, and ten per cent, per annum for a series of years afterward.
We think the Legislature might provide for the security of these surplus moneys, and we can conceive of no better security to the city than her own bonds, or to the bondholders than the money. The other bondholders cannot complain, for the fund is ample to pay them all, and their security is improved by diminishing the amount of the claims upon the general fund.
The argument that, if the Legislature could authorize these bonds to be retired at a premium of five per cent, they could at a much higher premium, is not sound ; for, if anjr Act were passed affecting injuriously the security of the creditors by this or any other means, the Act would be unconstitutional and void. It is because this amendatory Act has no such effect that we consider it not obnoxious to'the constitutional objection. (See People ex rel. McLane v. Bond, 10 Cal. 563; 10 Id. 584.)
Judgment affirmed.