| 14 | 75 |
|----|----|
| 79 | 425 |

DOTY vs. THE PRESIDENT, &c., OF THE VILLAGE OF
MENASHA and another.

An injunction to restrain the treasurer of a village from executing and deliver-
ing deeds of certain lots in such village which had been sold for the non-

June Term,
1861.

DOTY
v.
VILLAGE OF
MENASHA et al.

payment of taxes, is not "an injunction to suspend the general and ordinary business of a corporation," within the meaning of section 7, chapter 129, of the Revised Statutes, and may be granted by a *court commissioner*.

APPEAL from the County Court of *Winnebago* County. This was an appeal from an order of the circuit court for Winnebago county, sustaining a motion to dissolve an injunction. The case is stated in the opinion of the court.

*Collins, Atwood & Haskell*, for appellant.

*Wheeler & Coolbaugh*, for respondents.

June 18.     *By the Court*, DIXON, C. J.[*] The other questions raised by the motion having been waived by counsel, the only one to be considered is, whether an injunction to restrain the defendant *Fay*, as treasurer of the village of Menasha, from executing and delivering deeds of certain lots in that village, sold for the non-payment of taxes, the levy and assessment of which the appellant asserts to have been illegal and void, is " an injunction to suspend the general and ordinary business of a corporation," within the meaning of section 7 of chapter 129 of the Revised Statutes. The section provides that such injunctions shall not be granted except by the court or judge. The injunction in this case was granted by a court commissioner. Upon motion before the court to dissolve it for that among other reasons, the judge held that it suspended the general and ordinary business of the corporation of the village, and consequently that the commissioner had no power to allow it. It was accordingly dissolved.

Conceding merely municipal corporations to be within the prohibition of the statute, we are at a loss to see upon what grounds the restraining of the execution and delivery of a tax deed by the treasurer is a suspension of the general and ordinary business of the corporation. Certainly the act of the treasurer in such case is not the act of the corporation. The corporate officers, unless expressly empowered by law, can neither direct nor control it. The authority of the treasurer is as high and absolute as that of the president and trustees. Both act by virtue of powers conferred by the

legislature, and neither can interfere with or control the action of the other within the sphere of the authority given. The corporation may be interested, and the issuing of the deed may be in part the result of the previous action of the president and trustees, but it is not their act. It is not their corporate business. It is the business solely of the treasurer —made so by law.

But if the issuing of the deed be admitted to be the proper act and business of the corporation, still it is not a part of its general business in the sense of the statute. It is not one of the principal or general purposes of its creation, but incidental to the main object, which was the establishment of a local government for the good order and welfare of the inhabitants. Its performance depends on many contingencies which may or may not happen. Its suspension for a time does not suspend the governmental powers of the corporation, or interfere with the transaction of its ordinary business. By the use of the term "general and ordinary business," the legislature must have intended that the special and extraordinary business of corporations might, in proper cases, be restrained by the usual process. We can think of none which falls more strictly within the latter description than that under consideration.

The order of the circuit court must be reversed, and the cause remanded for further proceedings according to law.