## SMITH VS. THE CITY OF APPLETON.

An injunction will not be dissolved on the ground that the answer denies all the equities of the complaint, where the denial of material facts positively averred in the complaint is merely that the defendant "has not sufficient knowledge to

Smith vs. The City of Appleton.

form a belief," &c.; but the denial must be of the same positive character as the averment.

Ch. 90, Gen. Laws of 1861, authorized the common council of the city of Appleton to issue bonds to the amount of $15,000 to take up outstanding bonds of the city to that amount, and, among other stringent provisions to secure their prompt payment, prohibited said council from issuing the bonds of said city thereafter "for any other purpose whatever except in payment of the bonded debt of said city." *Held,* that when the arrangement was accepted by the creditors of said city, and new bonds issued, this provision of law was a material element of the new contract, and it was not the subject of legislative repeal or amendment so as to impair the rights or diminish the security of the creditors without their assent. And ch. 199, Laws of 1864, having authorized the issue of additional bonds for other purposes, a holder of one of the bonds issued under the act of 1861, was entitled to an injunction restraining the issue of such additional bonds.

APPEAL from the Circuit Court for *Outagamie* County.

Action commenced June 18th, 1864, to restrain the issue of city bonds by the defendant, in aid of a railroad. The complaint alleges that prior to the 21st of March, 1861, defendant was indebted to the Chicago & Northwestern Railway Company in the sum of $15,000 for stock of the company, and that by an act of the legislature of the day mentioned, the city council were authorized to issue new bonds to the railway company to the amount of $15,000, with interest at seven per cent., payable annually, and to substitute these for the bonds issued (Gen. Laws of 1861, ch. 90); that said act provided for an annual city tax to pay the principal and interest of said bonds, as they should fall due, and prohibited the council from issuing bonds for any other purpose except in payment of the bonded debt of said city; that the council did issue the bonds authorized by said act, payable in from three to twelve years, and the larger portion of them are still outstanding; that plaintiff is the lawful owner and holder of one of said bonds, issued December 26th, 1861, and the same is due and unpaid; that the mayor and council, at a meeting in May, 1864, passed a resolution to issue bonds of the city, and was about to issue the same without authority of law, to the amount of $25,000, for the purpose of building a railroad or side track from the road-bed of the Chicago and N. W. Rail-

way Company to the water power of Anson Ballard and others at Appleton upon the Fox river, &c. &c. ; that the plaintiff is a freeholder and tax payer in said city, and, unless the city is restrained from issuing said bonds, will be greatly injured, &c.   Prayer, for a perpetual injunction, and also for an injunctional order pending the action.

The answer alleges that defendant has not sufficient knowledge to form a belief whether defendant owns one of the bonds, and therefore denies that he does own one.   It also alleges, in substance, that in compliance with an act of the legislature approved March 23d, 1864 (Gen. Laws of 1864, ch. 199), notice was duly given and an election held, in which a majority of the qualified voters voted in favor of issuing the bonds of the city for the purpose mentioned in said act.   The complaint and answer were verified.

Afterwards, while the action was pending, the defendant moved, on the answer and affidavits, to dissolve the injunctional order, on the grounds that the equities of the complaint were totally denied and avoided in the answer, and that the security given by the plaintiff on procuring such injunctional order were worthless, and the plaintiff irresponsible.   As to the last ground, affidavits were filed on the part of the defendant, and a counter-affidavit by plaintiff.   The defendant also filed affidavits to show that a sufficient amount of money had been deposited to the credit of the city, before the 1st of February, 1864, and kept on deposit until May 12, 1864, in the bank at Chicago where the outstanding bonds and coupons of the city were payable, to pay the amount of all bonds and coupons due and unpaid to that day (that being the last day before the commencement of this action upon which any principal or interest fell due).   Plaintiff's affidavit stated that he applied at said bank in June, 1864, and also in August, 1864, and was told that there were no funds to pay the principal of his bond. There were also affidavits for defendant and a counter-affidavit

of plaintiff as to the amount of taxable property in said city owned by the latter.

The court overruled the motion to dissolve the injunctional order, but required the 'plaintiff to file additional security within twenty days. From the first part of this order the defendant appealed.

*Geo. H. Myers*, for appellant, argued that the plaintiff could not maintain the action as a resident freeholder and tax payer of the city, and therefore the injunction ought not to stand. *Roosevelt v. Draper*, 16 How. Pr. R., 137; *Same Case*, 7 Abb., 108; *Korff v. Green*, 16 How. Pr. R., 140; *Doolittle v. Supervisors of Broom Co.*, 18 N. Y., 155. The answer shows an absolute and perfect legal right in the city to do the things which the injunction prohibits.

*C. Coolbaugh*, for respondent.

*By the Court*, DIXON, C. J. The plaintiff owns one of the bonds issued by the city under the act of March 21st, 1861, entitled, " An act to authorize the city of Appleton to exchange bonds with its present bondholders." Laws of 1861, ch. 90. The averment in the complaint is positive. The denial in the answer is of " sufficient knowledge to form a belief." Upon such a denial the injunction will not be dissolved. For the purpose of dissolving an injunction upon complaint and answer, the denial must be of the same positive character as the averment.

By the sixth section of the act the city council were prohibited from issuing the bonds of the city thereafter for any other purpose whatever except in payment of the bonded debt of the city. It will be seen by reference to the whole act that it is drawn with great care and caution, and most stringent provisions made for the purpose of securing the prompt and sure payment of the new bonds and coupons to be issued under it. Among those provisions is that contained in section six. They were obviously introduced to induce the creditors to sur-

render the old bonds and accept the new. That found in section six is a most material and important one, insuring, as it were, the continued ability of the city to meet and discharge the bonds and interest. When accepted by the creditors and the city, and new bonds issued, it constituted a most material element of the new contract. It entered into and became a part of it, and as such is not the subject of legislative repeal or amendment so as to impair the right or diminish the security of the creditors without their assent. For cases fully in point upon this question we refer to *People v. Woods*, 7 Cal., 579, and *People v. Bond*, 10 Cal., 563. We refer also to *Brooklyn Central R. R. v. Brooklyn City R. R.*, 32 Barb., 358; *Thornton v. Hooper*, 14 Cal., 9; *Streubel v. The Mil. and Miss. R. R. Co.*, 12 Wis., 73, 74, 75; and *Smith v. Cleveland*, 17 Wis., 567-8-9.

As a creditor of the city and holder of the bond the plaintiff has, therefore, the right to question the validity of the act of March 23d, 1864 (Laws of 1864, ch. 199), and to restrain the city council from proceeding to issue bonds under it.

The motion to dissolve the injunction was properly denied, and the order must be affirmed.