Bay Land & Imp. Co. and others vs. Town of Washburn and others.

BAY LAND & IMPROVEMENT COMPANY and others, Appellants, vs. THE TOWN OF WASHBURN and others, Respondents.

*March 20 — April 9, 1891.*

*Injunction: Court commissioner.*

An injunction to restrain a town from laying out and constructing an expensive highway, without having any funds in its treasury or any legal authority to incur an indebtedness for that purpose, is not one which suspends the general and ordinary business of a corporation, within the meaning of sec. 2780, R. S., which declares that such an injunction "shall not be granted except by the court or presiding judge;" and hence such an injunction may be granted by a court commissioner.

APPEAL from the Circuit Court for *Bayfield* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced on or about October 10, 1890, by the plaintiffs, as residents and owners of taxable property in the defendant town, and the complaint alleges, in effect, that in May, 1890, the highway tax and moneys in the town were exhausted; that since that date the town had expended $7,739.75 on highways; that on or about September 2, 1890, an order was unlawfully made and signed by two of the supervisors of the town, laying out a highway a distance of about twelve miles; that contracts had been awarded for the construction of portions of such highway to the amount of $5,656; that the contractor had entered upon the performance of and was then prosecuting the work; that no tax had been voted by the electors of the town for the construction of the road or otherwise levied or raised therefor; nor had any such expenditure been authorized in any manner; that the supervisors of the town threatened to complete the work, and that the completion of the work already let by them would impose on the taxpayers of the town an unlawful indebtedness of $5,656; that the entire cost of such construction would be $25,000; that

Bay Land & Imp. Co. and others vs. Town of Washburn and others.

the proceedings for laying out the highway were void; that no legal order was made laying out such highway, or awarding damages to the unknown owners of land affected thereby; that no accurate survey thereof had been made; that the description of the same was so indefinite that it could not be located; that the supervisors threatened to consummate the work, and thereby misappropriate the funds of the town; that, unless restrained, they would do so, to the irreparable injury of the plaintiffs and other tax-payers; and prayed that the supervisors and contractors be enjoined from prosecuting the work, and from auditing bills or issuing any orders on account of such work.

Upon that complaint the plaintiffs procured from a circuit court commissioner a temporary injunction, October 10, 1890. Upon an answer and affidavits and an order to show cause, and upon hearing the attorneys for the respective parties, the court, October 20, 1890, ordered that said injunction "be dissolved and vacated, with $10 costs of motion, *but without prejudice to a new application.*" From that order the plaintiffs bring this appeal.

For the appellants there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *W. F. Shea.*

For the respondents there was a brief by *J. J. Miles* and *A. M. Worden*, and oral argument by *W. M. Tomkins.* Among other things, they contended that a town was a corporation, within the meaning of the statute, and the construction of roads a part of its general and ordinary business; and that the plaintiffs were not entitled to relief by injunction, because there was a clear and adequate remedy at law. *Albany N. R. Co. v. Brownell*, 24 N. Y. 347; *Mil. Iron Co. v. Hubbard*, 29 Wis. 52; *C. & N. W. R. Co. v. Fort Howard*, 21 Wis. 44. Courts of equity will not declare in advance that threatened acts of public officers will be void if performed. To do so would involve great inconvenience to the public. *Doolittle v. Supervisors*, 18 N. Y. 155; *Sparhawk v. Union Pass. R. Co.* 54 Pa. St. 401.

CASSODAY, J.   It is claimed that the temporary injunction granted by the court commissioner suspended the general and ordinary business of the corporation, and therefore was made in violation of sec. 2780, R. S., and hence was properly dissolved.   The learned trial court seems to have dissolved the injunction on that ground, as the order expressly states that it was made " without prejudice to a new application."   The section cited declares that " an injunction to suspend the general and ordinary business of a corporation shall not be granted except by the court or presiding judge thereof," etc.   The theory of this action is that the town had entered upon the work of laying out and constructing a very expensive highway, without any funds in the treasury, or any legal authority to incur such indebtedness.   If such are the facts, it is a matter in which the tax-payers of the town are deeply interested, and manifestly have a remedy.   Secs. 823, 1240, S. & B. Ann. Stats.; *Peck v. School Dist.* 21 Wis. 516; *Lawson v. Schnellen,* 33 Wis. 288; *Nevil v. Clifford,* 55 Wis. 161; *S. C.* 63 Wis. 435; *Willard v. Comstock,* 58 Wis. 565.   But we are constrained to hold that the granting of such an injunction is not the suspension of the general and ordinary business of a corporation, within the meaning of sec. 2780, R. S.   Thus, it has been held that an injunction to restrain a municipality from executing and delivering tax deeds is not within the prohibition of that section, and hence may be granted by a court commissioner. *Doty v. Village of Menasha,* 14 Wis. 75.   As the trial court did not pass upon the merits, and as the affidavits seem to be open to different constructions, we leave the merits for the determination of the trial court, should application be made thereto for that purpose.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.