CARSTENS and others, Appellants, vs. CITY OF FOND DU LAC and another, Respondents.

*December 19, 1908—January 5, 1909.*

*Municipal corporations: Public improvements: Assessment for bene-*
*fits: Exemption from taxation: Vested rights: Estoppel: General*
*city charter: Amendment: Repeal of parts of special charter:*
*Pleading: Complaint: Joinder of causes of action: Demurrer:*
*Temporary injunction: Dissolution: Discretion.*

**1.** The charter of the city of Fond du Lac (ch. 59, P. & L. Laws of
1868, as amended by ch. 299, Laws of 1885) provides that two
thirds of the total cost of street paving may be charged against
abutting property, leaving one third to be paid by the city, but
that such provision should not apply to second or subsequent
repaving of any street which had theretofore or should be there-
after paved. Under this provision the street in front of plaint-
iffs' premises was improved in 1890 through its entire width
and two thirds of the expense thereof, except street crossings,
was charged against the real estate fronting thereon and paid
by the owners thereof, the remaining one third being paid by
the city. After the passage of the amendment of 1885 a number
of streets of the city which had theretofore been paved at the
expense of the abutting property owners were repaved, but at
the expense of the city. In 1904 the city of Fond du Lac adopted
the portions of the general city charter law relating to street
improvements in lieu of those contained in its special charter,
and in 1907 repaved the street on which plaintiffs' property
abutted and sought to charge the abutting property with the
expense of the repaving under the provisions of the general
city charter law. *Held:*

(1) Even if the city authorities incorrectly construed the
amendment of 1885, and a portion of the cost of repaving done
thereafter should have been paid by special assessment against
abutting lots, the city was not thereafter estopped from making
a special assessment to defray the expense of a new pavement
under that part of the general city charter adopted by it.

(2) Compliance with a statutory duty enjoined upon the lot-
owners did not create a contract by operation of law which ex-
empted the plaintiffs from further special assessments for the
cost of street paving.

(3) The amendment of 1885 did not give any vested rights
to exemption from further special assessments on account of
repaving.

(4) The amendment of 1885 was subject to amendment and was amended by the adoption of that portion of the general city charter which related to street improvements in lieu of the provisions of the special charter, and thereafter the provisions of the special charter governing street improvements stood repealed.

2. An action by a taxpayer in his own behalf and in behalf of other taxpayers in interest, to declare void special assessments against property abutting on a portion of a street improved by paving, is not an action respecting a common fund, nor to assert a common right, nor to restrain acts injurious to property in which the plaintiffs have a common interest or a common right, since the real redress which the taxpayer is seeking is to relieve his own property of a tax which he asserts is void in whole or in part, and whether his neighbor pays or contests the tax does not directly concern him.

3. A complaint in such action is demurrable for misjoinder of causes of action rather than misjoinder of parties, since the complaint sets forth separate causes of action, one in favor of each plaintiff, without being separately stated.

4. Where a complaint is demurrable only because several causes of action have been improperly joined, it is within the field of judicial discretion to continue a restraining order issued thereon in force until the plaintiff is given an opportunity to amend.

5. Where the only allegations of a complaint that would support an injunction were made on information and belief, and such averments were positively contradicted by affidavits filed on a motion to dissolve a temporary injunction and were not supported by counter affidavits, the court is *held* to have properly granted a motion to dissolve the injunction.

APPEAL from an order of the circuit court for Fond du Lac county: JAMES O'NEILL, Judge; also from an order and a judgment of the same court: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The plaintiff brings this action as a taxpayer, in his own behalf and in behalf of other taxpayers in interest, to declare void certain assessment certificates issued against property abutting upon a portion of Third street in the city of *Fond du Lac,* and to restrain the city from selling, transferring, or otherwise disposing of any such certificates that might have been issued and in its possession at the time the action was

commenced, and to compel the surrender of such certificates for cancellation. A preliminary injunction was granted restraining the city from issuing or transferring such improvement certificates or bonds during the pendency of the action. It is alleged in the complaint that during the year 1907 said city of *Fond du Lac* entered into a contract with the *Barber Asphalt Paving Company* for the paving of a portion of Third street in said city, and that said city had caused the entire expense of said improvement, excluding street crossings, to be made a charge upon the real estate fronting and abutting on such improvement. The *Barber Asphalt Paving Company* was named as one of the parties defendant in the action, and the relief prayed for against such company was that it be enjoined and restrained from selling, assigning, or transferring, or attempting to collect, any assessment certificates or improvement bonds that might have been issued to it for and on account of the street improvement which it had made on a portion of Third street under contract with its co-defendant.

It appears from the complaint in this action that by ch. 59, P. & L. Laws of 1868, the city charter of the city of *Fond du Lac* was amended and codified. Under the city charter as it existed prior to the passage of ch. 299, Laws of 1885, the cost or expense of paving streets might in whole or in part be charged to abutting property owners, and it appeared from the complaint that a number of the streets of said city were paved at the expense of such abutting owners. By ch. 299, Laws of 1885, the special charter of the defendant city was amended so that two thirds of the total cost of street paving might be charged against the abutting property, leaving one third to be paid by the city. The act referred to contained the following provision:

"Provided, however, that the provisions of this subdivision shall not apply to a second or subsequent repaving, macadamizing or graveling of any street which has been heretofore

or shall be hereafter paved, macadamized or graveled; and the whole or any portion of the expense of such improvement shall have been borne directly by the lots or parcels of land fronting or abutting on the portion of the street so improved. . . ."

After the passage of the law of 1885 and during the year 1890 the city caused a certain portion of Third street to be improved by the laying of cedar-block pavement thereon throughout its entire width, two thirds of the expense of which improvement, excluding street crossings, was made a charge against the real estate fronting and abutting on said improvement and was paid by the owners thereof, and the remaining one third was paid by the city.

After the passage of the law of 1885 a number of the streets of said city, which theretofore had been paved at the expense of abutting property owners, were repaved, but at the expense of the city. In 1904 the city adopted the portions of the general charter law relating to street improvements in lieu of those contained in the special charter. During the year 1907 the contract involved in this action was entered into, which provided for the repaving of a portion of Third street which had been paved at the expense of the abutting owners and of the city, in the proportion of two thirds and one third, in the year 1890. The city seeks to charge the abutting property owners with the expense of the repaving provided for by the contract of 1907 under the provisions of the general charter law. The plaintiffs in the action insist that they were exempted from any further liability for or on account of paving Third street by virtue of the provisions of ch. 299, Laws of 1885, and more particularly by virtue of the action of the city after such law was passed in assuming the expense of repaving certain other streets in the city which had first been paved at the expense, in whole or in part, of the abutting property owners.

As a second cause of action it was alleged that the assessment of benefits and damages was made in an arbitrary and

illegal manner and should be set aside for this reason if for no other.

The defendants appeared separately in the action, and each moved that the injunction be dissolved, which motion was granted. Each of the defendants also interposed a demurrer to the complaint (1) on the ground that the court had no jurisdiction of the subject of the action; (2) that several causes of action had been improperly united; and (3) that the complaint did not state facts sufficient to constitute a cause of action. Such demurrers on the foregoing grounds were interposed to each of the two causes of action that were separately stated in the complaint, and the demurrers were sustained by the trial court, and, the plaintiff declining to amend his complaint, judgment was entered dismissing the same. From the orders dissolving the preliminary injunction and sustaining the demurrers, and from the final judgment in the action, this appeal is taken.

*E. Blewett,* for the appellant.

*M. K. Reilly,* for the respondent city.

*Frank M. Hoyt,* for the respondent *Barber Asphalt Paving Company.*

BARNES, J. Because in the year 1890 the plaintiffs paid their legal portion of the cost of paving that part of Third street in the city of *Fond du Lac* adjacent to their properties, and the city construed ch. 299, Laws of 1885, as not empowering it to charge an abutting owner with the cost of a subsequent pavement, it is asserted that the plaintiffs are forever immune from any special charge against their properties on account of paving the street adjacent thereto. This contention is grounded on the assertion that plaintiffs have a vested right of exemption from special assessment on account of such paving under the law above referred to, and also upon the claim that the city by its conduct has estopped itself from making any such assessment. It is urged that inasmuch

as a large amount of repaving was done at the general expense of the city after the passage of the law of 1885, and the plaintiffs have been compelled to contribute their share of such expense through taxation on their Third-street property, it would be inequitable to require them to again assume the principal part of the cost of repaving such street. The argument is plausible but not convincing. No scheme has yet been devised by which an equal and exact distribution of the burden of taxation can be made. The right of exemption invoked, if upheld, might well result in greater injustice than would arise from failure to enforce it. If the contention of plaintiffs is well founded, the real estate of all property owners of the city of *Fond du Lac,* against which was charged a part of the expense of paving a street adjacent thereto from the year 1885 to the year 1904, would be forever exempt from paying any special assessment for repaving such street. The expense, perforce, would have to be borne by a general tax levy. The owners of property abutting on streets not paved in the manner stated between 1885 and 1904 could be obliged to pay for the cost of paving the streets adjacent to their properties under the provisions of the general charter law adopted in 1904, and, in addition thereto, would be obliged to defray their portion of the expense of repaving streets adjacent to the exempt property, if the contention of plaintiffs is correct. It is not difficult to see that such a condition might be grossly inequitable to such property owners as were not called upon to pay a special assessment for pavement expenses within the period stated.

Assuming that the law was not correctly construed by the city authorities, and that a portion at least of the cost of repaving done after 1885 should have been paid by special assessment against abutting lots, the city was not thereafter estopped from making a special assessment to defray the expense of a new pavement under the general charter law adopted by it. The compliance with a statutory duty en-

joined upon the lotowners did not create a contract by operation of law which exempted the plaintiffs from further special assessments for the cost of street paving. *Rochester v. Rochester R. Co.* 182 N. Y. 99, 74 N. E. 953. Neither did the 1885 statute give any vested right to exemption from further special assessments on account of repaving. At best, all the law did was to prohibit such assessments as long as it remained in force. It was subject to amendment in this regard, and was amended by the adoption of the portion of the general charter law which related to street improvements in lieu of the provisions of the special charter. *Boyd v. Milwaukee,* 92 Wis. 456, 460, 66 N. W. 603; *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869; *Washburn v. Oshkosh,* 60 Wis. 453, 19 N. W. 364.

It is urged that the adoption of so much of the general charter law as pertained to street improvements did not operate to repeal ch. 299, Laws of 1885, the portion of the special charter conferring the alleged exemption. Such act was a part of the special charter relating to street improvements. The provisions of the general law relating to such improvements were adopted in their entirety in lieu of all provisions on the same subject found in the special charter. We see no escape from the conclusion that the special charter provision under consideration was repealed. The effect of the action of the common council of the city in adopting portions of the general law is more fully considered in *Willmer v. Goebel,* *ante,* p. 419, 119 N. W. 115.

The decided cases in this court sustain the ruling of the trial judge in holding that the complaint was demurrable because several causes of action were improperly united. The plaintiff *Carstens* was interested only in relieving his own property from the special assessment in question. Whether his neighbors paid or contested the tax did not directly concern him. Their paying the tax could not injure him, while it might be a benefit, because his portion of the general tax

for street improvements might thereby be lessened.    To be
sure, each lotowner on the portion of Third street which was
improved had a common interest in the action to the extent
that, if *Carstens* had the right to relief, others might for the
same reasons and on the same evidence obtain relief.    But
the property owners had no such common pecuniary interest
as authorized them to unite in one suit as plaintiffs.    *Barnes
v. Beloit,* 19 Wis. 93; *Newcomb v. Horton,* 18 Wis. 567;
*Howland v. Kenosha Co.* 19 Wis. 247; *Gilkey v. Merrill,* 67
Wis. 459, 30 N. W. 733; *Foster v. Rowe,* 132 Wis. 268, 111
N. W. 688; *Ill. S. Co. v. Schroeder,* 133 Wis. 561, 113 N. W.
51.

This is not an action respecting a common fund, nor to as-
sert a common right, nor to restrain acts injurious to property
in which the plaintiffs have a common interest or a common
right.    The right of a taxpayer to bring an action in his own
behalf and in that of all other taxpayers is undoubted in such
a case, or wherever municipal authorities are about to unlaw-
fully dispose of public property, or pay out public funds, or
enter into unlawful or unauthorized contracts which will re-
quire the use of public funds to discharge them, or are squan-
dering the property of the taxpayers.    The authorities which
hold that such right exists are numerous.    *Peck v. School
Dist.* 21 Wis. 516, 522; *Willard v. Comstock,* 58 Wis. 565,
17 N. W. 401; *Bay L. & I. Co. v. Washburn,* 79 Wis. 423,
48 N. W. 492; *McVichie v. Knight,* 82 Wis. 137, 51 N. W.
1094; *Fowler v. Superior,* 85 Wis. 411, 54 N. W. 800;
*Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W.
964; *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369; *Linden L.
Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W.
851.    The doctrine of the foregoing cases does not apply
where the real redress which the taxpayer is seeking is to re-
lieve his property of a tax which he asserts to be void in whole
or in part.

It is urged that there is a misjoinder of parties rather than

of causes of action. This is not correct. The complaint "sets forth separate causes of action, one in favor of each plaintiff, without being separately stated; and if so, several causes of action are improperly united." *Barnes v. Beloit, supra.* It follows that the demurrers interposed because several causes of action were improperly united were properly sustained.

The plaintiffs declined to amend their complaint and a judgment of dismissal was entered. The judgment being correct, it is not necessary to decide other questions argued on the appeal. There are allegations in the complaint which tend to show that the alleged assessment of benefits and damages made by the board of public works was unjust, arbitrary, and illegal. If the plaintiff were suing simply to remove the cloud from the title to his own property created thereby, we do not decide that a case for relief has not been shown. Neither do we decide that it has. Secs. 925—184 and 925—185, Stats. (1898), purporting to give a remedy to the lot-owner by appeal from the action of the common council and to make such remedy exclusive, raise a serious question as to the right of the plaintiff *Carstens* to ignore such remedy and resort to a court of equity in the first instance. His silence while the board of public works and the city council were taking action in reference to the special assessment and while the improvement was being made, likewise raises a question which might seriously affect his rights. *State ex rel. Schintgen v. La Crosse,* 101 Wis. 208, 214, 77 N. W. 167. These questions, however, we do not pass upon.

The injunctional order issued in the case was dissolved before the demurrers were decided. If the only infirmity in a complaint is that several causes of action have been improperly joined, we think it is within the field of judicial discretion in a proper case to continue the restraining order in force until the plaintiff is given an opportunity to amend. The only allegations of the complaint in the suit before us

that would in any view of the case support an injunction are made on information and belief.    These averments are positively contradicted by certain affidavits filed on the motion to dissolve and are not supported by counter affidavits. Under these circumstances the court very properly granted the motion to dissolve.    *Dinehart v. La Fayette,* 19 Wis. 677.; *Tainter v. Lucas,* 29 Wis. 375; *Schœffler v. Schwarting,* 17 Wis. 31; *Smith v. Appleton,* 19 Wis. 468; *Pittelkow v. Herman,* 94 Wis. 666, 69 N. W. 805.

*By the Court.*—The orders and the judgment appealed from are affirmed.