ZARNOTT, Respondent, vs. TIMKEN-DETROIT AXLE COMPANY, Appellant.*

*January 19—February 15, 1944.*

* Motion for rehearing denied, with $25 costs, on April 24, 1944.

598

For the appellant there was a brief by *Miller, Mack & Fairchild* and *Paul R. Newcomb,* all of Milwaukee, and oral argument by *Mr. Newcomb.*

For the respondent there was a brief by *Max Raskin,* and oral argument by *William F. Quick,* both of Milwaukee.

BARLOW, J. Sec. 103.455, Stats., in effect during the period involved in this action, provides as follows:

"No employer shall make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, unless the employer and a representative designated by the employee shall determine that such defective or faulty work is due to the worker's negligence, carelessness, or wilful and intentional conduct on the part of such employee. If any such deduction is made or credit taken by any employer, that is not in accordance with this section, the employer shall be liable for twice the amount of the deduction or credit taken in a civil action brought by said employee. Any agreement entered into between employer and employee contrary to this section shall be void and of no more force and effect. In case of a disagreement between the two parties, the industrial commission shall be the third determining party, subject to any appeal to the court."

The following contentions of appellant will be considered together: (1) No compensation is due to an employee for defective pieces where the defect is caused by the negligence of the employee and therefore there are no wages due or earned to bring the appellant under the statute; (2) the statute provides a penalty, and to support this action there must be a wilful, wanton, and reckless violation, which has not been established.

The fundamental rule of construction of a statute is to ascertain and give effect to the intention of the legislature as

expressed in the statute. *Rossmiller v. State* (1902), 114 Wis. 169, 89 N. W. 839; *State ex rel. Monroe County v. Vernon County* (1912), 148 Wis. 274, 134 N. W. 360; *State ex rel. Mattek v. Nimtz* (1931), 204 Wis. 311, 236 N. W. 125. Words in the statute should be given the effect necessary to carry out the intention of the legislature under the ordinary rules of construction. *Wisconsin Trust Co. v. Munday* (1918), 168 Wis. 31, 168 N. W. 393, 169 N. W. 612, 252 U. S. 499, 40 Sup. Ct. 365, 64 L. Ed. 684. Where a penalty is involved it has been said that while such statute must be construed with such strictness as carefully to safeguard the rights of the defendant and at the same time preserve the obvious intention of the legislature, the rule of strict construction is not violated by taking the common-sense view of the statute as a whole and giving effect to the object of the legislature, if a reasonable construction of the words permits it. *Bolles v. Outing Co.* 175 U. S. 262, 20 Sup. Ct. 94, 44 L. Ed. 156; *Illinois Cent. R. Co. v. Hudson,* 136 Tenn. 1, 188 S. W. 589, 2 A. L. R. 147.

No claim is made by respondents that the company is required to pay for defective or faulty work due to the employee's negligence, carelessness, or wilful and intentional conduct. This was never an issue in the case, so far as we can ascertain. Respondents seek to recover for deductions made from their wages for faulty and defective work without a mutual determination that the defective pieces were the result of the employees' carelessness, negligence, or wilful misconduct, as required by statute. The purpose of this statute was to require the employer to give the employee an opportunity to protect his rights on the question of whether defective parts were due to his negligence. The earnings of the employee depend upon his services properly rendered. It is considered that the purpose of the statute is to prohibit an arbitrary determination by the employer that no compensation is due the employee by reason of defective work due to his negligence.

What appellant attempts to do is to select two or three words and separate them from the section and thus reach the conclusion that appellant does not come under the statute. To approve this contention would leave the statute with no meaning or effect. Defects may be caused by defective material, a defective machine, and for other reasons which are too numerous to enumerate. The evidence in this case clearly establishes that an employee was disallowed compensation where the machine was the cause of the defect and the employee was deprived of his compensation by the foreman without the employee being given an opportunity to establish this fact. The statute must be read in its entirety in order to determine what is meant by "wages due and earned." When an employee has completed his work on a piece he is entitled to his wages, and this can only be denied to him when it is defective by reason of his negligence, carelessness, or wilful and intentional misconduct, and under this statute it is necessary for the employer to give the employee, or his designated representative, an opportunity to establish that the defect was not due to any fault of his. In the event that he is not given this opportunity the employer is liable for twice the amount to which the employee would be entitled. The statute also provides that in case of a disagreement the industrial commission shall be called in as a third determining party, and that thereafter it shall be subject to appeal to the court. To say that the wages were not due and earned when an employee has completed his labor would be to wholly disregard the intention of the legislature in the passage of this statute.

In *Krom v. Antigo Gas Co.* (1913) 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, this court, in construing a statute providing for a penalty, held that it was intended to extend only to wilful, wanton, and reckless defaults, and that it did not cover acts or omissions resulting from mere inadvertence or excusable neglect. This conclusion was reached by giving consideration to sections immediately preceding and follow-

ing the section which was construed, and effect was given to what was considered to be the legislative intent, and the court there said that the legislature industriously differentiated between certain acts which are to be punished when committed wilfully or knowingly, and certain others as to which no requirement that they shall have been knowingly or wilfully committed appears. A penalty may be imposed by statute for the doing or not doing of a designated act, notwithstanding the same act is not made criminal, for the legislature may, in its wisdom, in order to prevent imposition on its citizens, affix a penalty to an act which, except for the statute, would be legal and innocent. *Southern Express Co. v. Walker,* 92 Va. 59, 22 S. E. 809, 41 L. R. A. 436, affirmed in 168 U. S. 705, 18 Sup. Ct. 947, 42 L. Ed. 1212.

The statute under consideration gives to the employee the right to recover in a civil action from the employer twice the amount of the deduction or credit taken, if the terms of this statute have not been complied with. The statute is very plain and does not depend upon implication, and its application is not unreasonable or oppressive. *Highway Trailer Co. v. Janesville Electric Co.* (1925) 187 Wis. 161, 204 N. W. 773. In order to comply with this statute the appellant is not required to change its method of operation or bookkeeping system as to wages, but is merely required to show the defective piece to the employee, or his designated representative, and have the cause of the defective part determined, as required by law. When appellant employed the respective respondents this statute became part of the contract and the parties were bound by its terms. Their respective rights were established under it. It is considered that the legislature intended that the ignoring of the terms of this statute by the employer would render the employer liable for the exactions provided.

It is argued that the statute as construed by the trial court is unconstitutional. Reliance is placed on the case of *Commonwealth v. Perry* (1891), 155 Mass. 117, 28 N. E. 1126. The statute involved in the above case prohibited the employer

from withholding wages from an employee engaged in weaving where imperfections were occasioned by the negligence of the employee. The court there held that the statute was unconstitutional because it required an employer to pay for the negligence of the employee. In this case, respondents do not contend, nor did the trial court ever consider, that the appellant was to pay for defects caused by the negligence of the respondents. It is no different than to require the employer to pay wages on definite dates. No property right is taken from appellant, but a method is provided whereby the property rights of respondents may be protected.

*By the Court.*—Judgment affirmed.

\* Motion for rehearing denied, without costs, on Apirl 24, 1944.