PETERS and another, Respondents, vs. INTERNATIONAL HARVESTER COMPANY, Appellant.*

*March 11—April 12, 1946.*

* Motion for rehearing denied, with $25 costs, on June 4, 1946.

For the appellant there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

*David Beznor* of Milwaukee, for the respondents.

FOWLER, J. The case is an appeal from an order denying the motion of the defendant for a summary judgment based upon the complaint, the answer, and an affidavit of an agent of the defendant.

The plaintiffs are and at all times involved were employees of the defendant doing piecework and paid a specified amount per piece. The defendant deducted from the amount of their pay for pieces rejected by the defendant for "alleged defective or faulty workmanship" and scrapped the pieces. The two

named plaintiffs sue to recover the amount so deducted, basing their action on sec. 103.455, Stats., set out in the margin.[1]

The defendant by answer or demurrer did not object to the misjoinder of the two named plaintiffs, and so waived that objection. Sec. 263.12, Stats. If the deduction was in violation of the statute each of the named plaintiffs is entitled to recover twice the amount of his deduction. We first determine whether the complaint states a cause of action in favor of the named plaintiffs.

The basic allegations are that since 1938 the defendant company has carried on the practice of making deductions from the wages of the plaintiffs "for alleged defective or faulty workmanship, without the company and a representative designated by the plaintiffs, first determining that such alleged defective or faulty work is due to the plaintiffs' negligence, carelessness or wilful or intentional conduct;" that such deductions range from fifty cents to $1.50 from each week's pay, and that the exact amount is unknown to these plaintiffs, but that the company has in its possession all the records showing with exactness the deductions from plain-

[1] Sec. 103.455 *Deductions for faulty workmanship, loss, theft or damage.* No employer shall make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, *lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make such deduction or* unless the employer and a representative designated by the employee shall determine that such defective or faulty work, *loss or theft, or damage* is due to worker's negligence, carelessness, or wilful and intentional conduct on the part of such employee, *or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason thereof.* If any such deduction is made or credit taken by any employer, that is not in accordance with this section, the employer shall be liable for twice the amount of the deduction or credit taken in a civil action brought by said employee. Any agreement entered into between employer and employee contrary to this section shall be void and of no force and effect. In case of a disagreement between the two parties, the industrial commission shall be the third determining party subject to any appeal to the court.

tiffs' wages from week to week; and that the defendant has refused to pay the plaintiffs the amount of the deductions. The complaint demands judgment for twice the amounts so withheld.

The case is ruled by *Zarnott v. Timken-Detroit Axle Co.* 244 Wis. 596, 13 N. W. (2d) 53. The issues in that case were in all respects the same as in the instant one. That case was based on the statute as it existed before amendment in 1943, but the amendment only adds "lost or stolen property or damage to property," and prescribes that deductions for negligence shall not be made unless authorized in writing by the employee; "or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason thereof." But these amendments are irrelevant because it is not alleged in the affidavit in support of defendant's motion or in the complaint that either of these facts exist. The amendments of the statute are indicated by the italicized portions of the statute as set out in the margin, page 453. Deleting them the statute is in the exact form it was in when the *Zarnott Case* was decided. See *Zarnott Case* opinion, page 599, where the statute as it then existed is quoted. It is plainly stated in the *Zarnott Case* opinion that "in the event this opportunity [to show that the defect was not due to employee's 'negligence, carelessness, or wilful and intentional misconduct'] is not given" the defendant is liable for twice the amount of the deductions to which the employee would be entitled for a nondefective piece. Opinion, page 601. No mention was made in the opinion of the argument here made that under the language of the statute "in case of disagreement between the two parties [the employer on the one hand and the employee or his representative on the other] suit cannot be brought until after the industrial commission has determined whether the defect in a rejected piece was caused by the employee's negligence, carelessness, or wilful and intentional conduct." But the provision of the statute as to determination by the industrial commission is

stated, and the court must have considered that the language of the statute implies, as is obvious, that there cannot be a disagreement as to the cause of a defect in a piece of work until the matter has been the subject of consideration at a meeting or conference between the two parties to determine the cause. We see no reason to recede from the position taken in the *Zarnott Case*. It follows that, as far as the two named plaintiffs are concerned, the motion to grant a summary judgment was properly denied.

While the *Zarnott Case, supra,* was brought in behalf of all employees of the defendant, as is the instant one, no point was there raised that this was improper and the matter was not mentioned in the opinion of the court. The instant complaint alleges and the answer categorically denies that the cause of action is one of common or general interest to many persons and the answer asserts that each of the hundred four persons named in the exhibit attached to the complaint has a distinct and individual cause of action, if any exists. The allegation of common interest is made to bring the case within the provision of sec. 260.12, Stats., that "when the question is one of a common or general interest of many persons . . . one or more may sue . . . for the benefit of the whole." We think the case is within the statute, and that the motion was properly denied as to the hundred four persons named in the exhibit. See *Marshall v. Wittig,* 205 Wis. 510, 238 N. W. 390.

*By the Court.*—The order of the circuit court is affirmed.

RECTOR, J., took no part.