PIPKORN and others, Respondents, v. VILLAGE OF BROWN DEER and others, Appellants.

*February 4—March 8, 1960.*

572

For the appellants there were briefs by *Harold H. Fuhrman,* village attorney, attorney, and *Wickert & Fuhrman* and *John M. Ellegard* of counsel, all of Milwaukee, and oral argument by *Harold H. Fuhrman.*

For the respondents there was a brief by *Demet & Demet* of Milwaukee, and oral argument by *Francis J. Demet.*

HALLOWS, J.  The only question before us is whether the defendant Sontag can be designated to represent the other beneficiaries of the water trust who are similarly situated so as to constitute this a class action.  When Green Knoll subdivision was laid out, a water trust was created for the benefit of the lot owners.  They became beneficiaries of the trust and the owners of fractional shares thereof, entitled to use water from the system for domestic purposes.  The trust declaration provided the trust could be terminated by a transfer of the assets by the trustee upon the approval of the owners of the majority of the lots connected to the system. It is alleged an illegal meeting conducted in an arbitrary manner was held and, in conformity with the improper and illegal vote of purported lot owners, an illegal transfer was made of the water system by the defendant Sontag to Brown Deer, which thereupon transferred the management of the water trust to its village water commission.  It was also alleged the plaintiffs' interest in the water trust was thereby confiscated and the defendant Schroedel prevented from maintaining the trust.  The plaintiffs claim they and Schroedel are entitled to possession of the water trust and the defendant Brown Deer and its water commission are illegally withholding possession of the assets.  The gist of the action is for ejectment to recover possession.

All of the beneficiaries of the water trust do not constitute one class. There is a difference of opinion and the dividing line between the two factions is whether the water trust was legally terminated and the assets validly transferred to the defendant Brown Deer. Each of these classes of litigants has a separate common interest in the outcome of the litigation and in the basic question in litigation. No issue is made that the plaintiffs represent a class. The precise question is whether defendant Sontag can be sued as representing those beneficiaries of the water trust who voted or want their interest terminated in the water trust and its assets transferred to Brown Deer.

Some confusion arises in the briefs because the appellants approached the problem from the standpoint of the original complaint and argue that the amended complaint is not in accordance with the trial court's order sustaining the demurrer. The appellants strenuously contend that under that order all the beneficiaries of the water trust must be named plaintiffs or defendants. The trial court did not so interpret its first order. The amended complaint was sustained on the ground that it properly pleaded a class suit on the part of defendants and therefore there was no defect of parties defendant. The arguments based on the nature of the original complaint and the order thereon have no application to the question before us.

The question is whether the amended complaint pleads a class suit on the part of the defendants within sec. 260.12, Stats.[1]

---

[1] "PARTIES UNITED IN INTEREST TO BE JOINED; CLASS ACTIONS; ALTERNATIVE JOINDER. Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the

Before the adoption of the code by Wisconsin, the provision for class or representative suits was added by New York in 1849 in order to avoid any misapprehension that the adoption of the first part of the statute relating to joinder of necessary parties plaintiff and defendant would reject the old equity or chancery practice and make it clear such equity practice was applicable to both equitable suits and actions at law. *Day v. Buckingham* (1894), 87 Wis. 215, 58 N. W. 254. The *Day Case* was the first decision to cite this part of the statute after its adoption and to point out that the section presented two distinct alternative situations—one, when the question is one of common general interest of many persons; the other, when the parties are very numerous and it may be impracticable to bring them before the court. In the first situation where the question involved is one of common or general interest, a representative suit may be brought by one for the benefit of all who have such a common or general interest without complying with the second alternative of showing that the parties are either numerous or that it would be impracticable to bring them before the court. This interpretation was reiterated in *George v. Benjamin* (1898), 100 Wis. 622, 76 N. W. 619, and *Hawarden v. Youghiogheny & Lehigh Coal Co.* (1901), 111 Wis. 545, 87 N. W. 472. However, in the cases before the code, such distinction was not made and the equity practice required a showing of impracticability of bringing in all the parties, as well as a common or general interest. *Putnam v. Sweet* (1849), 2 Pin. 302; *Coleman v. White* (1861), 14 Wis. 762 (*700) ; *Board of Supervisors v. Mineral Point R. R. Co.* (1869), 24 Wis. 93.

court, one or more may sue or defend for the benefit of the whole. And when more than one person makes a separate claim for damage against the same person or persons based upon the same alleged tortious conduct, they may unite in prosecuting their claims in one action."

It has been urged that the federal rules on representative suits express the traditional equity rule and the Wisconsin variation should be modified. See federal rules of civil procedure, 31 Marquette Law Review, 80, Comments, The Representative Suit in Wisconsin.

However, the amended complaint alleges both a common interest and the impracticability of bringing all the defendants into the suit as named defendants and satisfies both alternatives, if true. While class suits are more frequently brought by plaintiffs, the doctrine of class representation applies to defendants. 39 Am. Jur., Parties, p. 919, sec. 45; and sec. 260.12, Stats., expressly so provides. The appellants contend that since the beneficiaries of the trust will be directly affected they must be named defendants. The appellants misconceive the purpose of a class suit. The old equity rule that one who will be directly affected by a decree is a necessary party was subject to an exception in those cases where the parties are so numerous that compliance with the rule would be impossible or inconvenient. *Board of Supervisors of Douglas County v. Walbridge* (1875), 38 Wis. 179. The representative or class suit arose in equity out of necessity. It was devised to simplify litigation, to make more convenient the administration of justice both for the parties and the court, and to avoid a multiplicity of suits in those cases where the rights and liabilities of many persons similarly affected or interested could be fairly determined in the action.

The doctrine of class representation required the party suing or defending for the class to have a right or interest in common with the persons represented and to fairly represent the interest or right involved so that it may be fairly and honestly tried. 39 Am. Jur., Parties, pp. 921, 922, secs. 47, 48. Is Sontag such a representative? The complaint alleges Sontag was the temporary trustee at the

alleged illegal meeting and transferred the assets to Brown Deer pursuant to an alleged illegal vote. Those beneficiaries who voted for the transfer and those who are in favor of the transfer constitute a class with Sontag on the question of whether or not the transfer was legal. Their property rights in the water system and their interest in water service by Brown Deer are similar and common. Sontag is in a better position than any other beneficiary of that class to represent its members and to justify his action in transferring the water system. He is the logical person to represent the class and because of his similar interest and the active part he took in the transfer, we conclude that the class will be fairly represented by him.

This is not a case where Sontag is designated to represent all the beneficiaries of the trust as a class when there exists in its members a free alternative to either assert their rights or to challenge the rights asserted by others. If such were the situation, there would be no common interest in the class. It is contended that Sontag, as trustee, cannot represent all the beneficiaries nor can he take sides between the two groups of beneficiaries. In the amended complaint Sontag is not sued as a trustee or designated as a trustee for the purpose of representation. He is being sued as a beneficiary of the water trust and as the representative of only those beneficiaries who are similarly situated with him and desire to uphold the transfer of the water system to Brown Deer. He is not designated to represent any beneficiary who challenges his action.

The appellants argue that the purported members of the class are known or can be easily known since they are property holders in the subdivision and therefore should be named defendants. It is not the impossibility of naming all the defendants, but the impracticability or the inconvenience of bringing them before the court as named defendants that

is the test of whether they may be represented in a class suit. The question in each case of what is impracticable is largely a matter of discretion for the trial court. We do not think that the court abused it in this case. No numerical test can be formulated nor should such a test alone determine the issue.

This court on many occasions has construed sec. 260.12, Stats., in reference to class or representative suits. In *Hodges v. Nalty* (1899), 104 Wis. 464, 80 N. W. 726, a class action by 10 members of a church on behalf of themselves and 65 other subscribers to the church-building fund was sustained against a defaulting subscriber. A class suit was brought by 10 printing employers in *Trade Press Pub. Co. v. Milwaukee Typo. Union* (1923), 180 Wis. 449, 193 N. W. 507, against the members of a typographical union to restrain such members from compelling the plaintiffs to accept a closed shop. This suit was allowed on the theory that the conspiracy by the defendants was directed against all employers of a class. In *Marshall v. Wittig* (1931), 205 Wis. 510, 238 N. W. 390, this court sustained a complaint brought by a stockholder on behalf of all of the stockholders of a dissolved corporation to collect a promissory note given to the corporation. It will be noted the cause of action in the *Marshall Case* was vested in all the stockholders. In contrast, a suit brought by two plaintiffs on their own behalf and on behalf of 104 other employees similarly situated to recover money deducted by the defendant employer from their wages contrary to statute was sustained against a motion for summary judgment based in part upon an answer denying that the action was one of common or general interest to many persons. Each of the members of the class had a complete and separate cause of action for a different amount, but the common or general interest was the alleged unlawful act of the employer. *Peters*

*v. International Harvester Co.* (1946), 248 Wis. 451, 22 N. W. (2d) 518. See also *Carstens v. Fond du Lac* (1909), 137 Wis. 465, 119 N. W. 117.

The allegations of the amended complaint are admitted by the motion to strike which was treated as a demurrer and comply with sec. 260.12, Stats. The extraneous facts, the effect of the lawsuit on the members of the classes, and the hardship upon the defendants stated by the appellants on oral argument and in their brief, are matters which are not properly raised by the pleadings and cannot be considered by this court on this appeal.

The last argument of the appellants is that all beneficiaries of the trust except those unknown must be named plaintiffs or defendants and be given an opportunity to be heard under the doctrine of *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865. The rationale of this argument would require every member of a class (except those who are unknown and cannot be ascertained by due diligence) to be named a party, served with process, and be heard, or the standards of due process would not be met. In effect, this argument would destroy class suits under the statute for all practical purposes.

The appellants confuse the question of jurisdiction of the court to proceed with the question of whether a judgment in a class suit is *res adjudicata* on all members of the class. We do not believe that the *Mullane Case* is applicable to class suits. Whether or not judgment in a class or representative suit is *res adjudicata* upon the absent members of the class and whether such suit meets the requirement of due process has been discussed in *Hansberry v. Lee* (1940), 311 U. S. 32, 61 Sup. Ct. 115, 85 L. Ed. 22. It was there said (pp. 42, 43):

"With a proper regard for divergent local institutions and interests, cf., *Jackson County v. United States,* 308 U. S. 343, 351, this court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it. *Chicago, B. & Q. R. Co. v. Chicago,* 166 U. S. 226, 235. . . .

"In all such cases, so far as it can be said that the members of the class who are present are, by generally recognized rules of law, entitled to stand in judgment for those who are not, we may assume for present purposes that such procedure affords a protection to the parties who are represented, though absent, which would satisfy the requirements of due process and full faith and credit. See *Bernheimer v. Converse,* 206 U. S. 516; *Marin v. Augedahl,* 247 U. S. 142; *Chandler v. Peketz,* 297 U. S. 609."

We conclude that the instant case comes within the sanctions of the rule announced in this case.

*By the Court.*—Order appealed from is affirmed.