Fairchild, J.
 

 1.
 
 Defense by representation in an action for declaratory judgment.
 
 Sec. 260.12, Stats., provides that “when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.”
 

 The parties defending for the class must have a right or interest in common with the persons represented, and must fairly represent the interest or right involved so that the issue may be fairly and honestly tried.
 
 Pipkorn v. Brown Deer
 
 (1960), 9 Wis. (2d) 571, 577, 101 N. W. (2d) 623. The question of whether it is impracticable to bring all interested persons before the court is largely a matter of dis
 
 *489
 
 cretion for the trial court. In the
 
 Pipkorn
 
 decision, at page 579, where the class represented consisted of property owners numbering less than 200, we held that the court did not abuse its discretion in permitting defense by representation.
 

 From the face of the complaint now before us, it cannot be said that the interests of those owners who are not joined as defendants would not be fairly represented by those who have been named and served.
 

 Appellant’s argument is that as a matter of law, there can be no action for declaratory judgment in which the defense of the interests of some of the members of a class is left to named defendants who are members of the same class.
 

 Sec. 269.56, Stats., is the Uniform Declaratory Judgments Act. Sub. (11) provides that, “When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding. . . .”
 

 As pointed out in the
 
 Pipkorn
 
 decision, the concept of a representative or class suit (initially in equity) arose out of necessity. We conclude that sec. 269.56 (11), Stats., should be construed together with sec. 260.12, and that it does not exclude the procedure of representative defense of the interests of a class from an action for declaratory relief.
 

 Appellant relies on a statement in
 
 State ex rel. Joyce v. Farr
 
 (1940), 236 Wis. 323, 327, 295 N. W. 21, that, “The prayer for a declaratory judgment cannot be considered at this time as all the parties in interest have not been made parties to the action.” In that case, there appear to have been only three interested persons who were not made parties. Defense by representation was not an issue.
 

 Appellant also relies on
 
 Wisconsin Pharmaceutical Asso. v. Lee
 
 (1953), 264 Wis. 325, 58 N. W. (2d) 700. There it was considered that the real controversy was between plaintiffs and a large group of persons, none of whom were
 
 *490
 
 joined as defendants and whose interests were presumably not sufficiently similar to be represented by defendants who were members of a state board.
 

 In cases where the validity of an annexation proceeding and of a statute was challenged, this court has held that interested private individuals or bodies were not necessary parties to an action for declaratory judgment where their interests were deemed represented by public bodies or officers.
 
 Blooming Grove v. Madison
 
 (1957), 275 Wis. 328, 81 N. W. (2d) 713;
 
 White House Milk Co. v. Thomson
 
 (1957), 275 Wis. 243, 81 N. W. (2d) 725.
 

 Courts in several other states have recognized the propriety of declaratory judgments construing deed restrictions and binding upon members of a numerous class although only representatives of the class were named as defendants.
 
 Dipboye v. Acchione
 
 (1958), 351 Mich. 550, 88 N. W. (2d) 611;
 
 Davis v. Congregation Shearith Israel
 
 (Tex. Civ. App. 1955), 283 S. W. (2d) 810;
 
 Garnick v. Serewitch
 
 (1956), 39 N. J. Super. 486, 121 Atl. (2d) 423.
 

 For general statements as to the propriety of class actions and defense by representation in actions for declaratory judgments, see Borchard, Declaratory Judgments (2d ed.), p. 270, and 1 Anderson, Actions for Declaratory Judgments (2d ed.), p. 279, sec. 149.
 

 We point out that at this stage, the facts are assumed to be as alleged in the complaint. Of course the present conclusion that no defect of parties defendant appears on the face of the complaint does not deprive the circuit court of its discretion to determine otherwise at a later stage and take appropriate action if developing circumstances so require.
 

 2.
 
 Declaratory judgment binding only upon named defendants.
 
 Plaintiffs alternative cause of action is framed upon the theory that where all the persons having the most-obvious and substantial interests are joined as defendants and there
 
 *491
 
 are many others whose interests are apparently nominal or slight, it may be proper to seek a declaration which binds only the defendants named and served. The circuit court was of the opinion that there was merit to this approach.
 

 The purpose of requiring that all interested persons be made parties or that their interests be suitably represented in an action for declaratory relief is to make it certain that the declaration will terminate the controversy; that the court will not find that it has resolved a question for some of the interested persons, only to have it relitigated by others who were not bound by the first declaration. See Borchard, Declaratory Judgments (2d ed.), p. 256.
 

 If a situation were presented in which the court was fully satisfied that all those with substantial interests were before it and the interests of others were nominal or so slight as virtually to eliminate any hazard that new litigation would occur, we think a court might properly make a declaration binding only on those parties before it. Probably there are few situations calling for such procedure which could not be more satisfactorily treated as an action for declaratory judgment binding all members of a class represented by some of its members. We see no reason, however, why the possibility need be excluded.
 

 By the Court.
 
 — Order modified so as to extend the time within which appellant may plead to ten days after filing of remittitur; order as modified, affirmed.