RUDOLPH and wife, Appellants, v. INDIAN HILLS ESTATES, INC., Respondent.

*No. 444. Submitted under sec. (Rule) 251.54 May 8, 1975.—*
*Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 671.)

For the appellants the cause was submitted on the brief of *Edward P. Rudolph* of Milwaukee.

For the respondent the cause was submitted on the brief of *Lowry, Hunter & Tikalsky* of Waukesha.

ROBERT W. HANSEN, J. The question raised on this appeal is whether the declaratory judgments statute[1] may be properly used to adjudicate plaintiffs' claim of right to (1) maintain a tree house, (2) construct a swimming pool, and (3) seek dissolution of defendant corporation.

*The test.* For the proper maintenance of a declaratory judgment action, four conditions precedent must be met by the party bringing such action.[2] They are as follows:

(1) *Justiciable Controversy.* " '. . . There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.' "[3]

(2) *Adverse Interests.* " '. . . The controversy must be between persons whose interests are adverse.' "[4]

(3) *Legal Interest.* " '. . . The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.' "[5]

(4) *Ripeness for Determination.* " '. . . The issue involved in the controversy must be ripe for judicial determination.' "[6]

In this case, in the trial court and on appeal, it is the first and last of these conditions precedent that are in dispute as to the tree house, swimming pool and dissolution of the corporation.

---

[1] Sec. 269.56, Stats.

[2] *Pension Management, Inc. v. DuRose* (1973), 58 Wis. 2d 122, 126–128, 205 N. W. 2d 553, quoting *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 22, 264 N. W. 627, citing Borchard, *Declaratory Judgments,* pages 26–57.

[3] *Id.* at page 127.

[4] *Id.* at page 128.

[5] *Id.* at page 128.

[6] *Id.* at page 128.

*The tree house.* We affirm the trial court holding that the issue presented as to the tree house was not "ripe for judicial determination." The tree house in the maple tree was constructed by plaintiffs in 1967. The complaint alleges that plaintiffs ". . . have been ordered by an officer of Indian Hills Estates, Inc., to remove a certain tree house on the land of these plaintiffs . . . ." This claimed demand appears to have occurred in 1967, soon after the tree house was built. The complaint was filed in March of 1972, and, as the trial court found, during the intervening time no further action or demand is alleged to have been taken by defendant concerning the tree house. The complaint does allege that plaintiffs have had communications ". . . from alleged officers of Indian Hills Estates, Inc., . . ." informing plaintiffs that they had to comply with the restrictions and covenants of the subdivision corporation. But such allegation is not sufficient to bring this case within the "array of enforcement powers" situation present in the *Pension Management Case* where the commissioner of insurance had four different means of enforcement available to him, including criminal prosecution.[7] Likewise, there is here none of the immediacy or ripening of a controversy that was present in a case involving an easement where the plaintiff had an offer to purchase the land that was conditioned upon the existence of the easement claimed providing access to the parcel.[8] Our court has held that when a demurrer

---

[7] *Id.* at page 129, this court holding: "This array of enforcement powers combined with the threat to use them should Buckman not divest himself of one of his business concerns constitutes a justiciable controversy within the contemplation of the Uniform Declaratory Judgments Act."

[8] *Humble Oil & Refining Co. v. Schneider Fuel & Supply Co.* (1969), 42 Wis. 2d 552, 557, 167 N. W. 2d 223, this court holding: ". . . there is sufficient doubt and uncertainty as to the existence

is interposed to a complaint for declaratory judgment the question initially presented to the trial court is "whether the controversy is one which should be considered and heard on the merits."[9] That initial inquiry requires the trial court to determine whether the controversy presented is "ripe for judicial determination." With the tree house remaining in the maple tree, undisturbed and unchallenged since its construction and alleged challenge in 1967, we find no abuse of discretion and that is the test on review[10] in sustaining defendant's demurrer, as to the tree house, on the ground that the controversy was not "ripe for judicial determination."

*The swimming pool.* We affirm the trial court holding that the issue raised as to a contemplated swimming pool did not constitute "a justiciable controversy." The plaintiffs' complaint alleges only: "That, these plaintiffs desire to construct a swimming pool on their premises in the future . . . ." Nowhere in the complaint is it alleged that the declaration of restrictions contains any prohibition of swimming pools. Instead it is alleged only

and location of the easement to cause the prospective purchaser of the premises to require that the matter be judicially resolved before the sale can be consummated."

[9] *Waukesha Memorial Hospital v. Baird* (1970), 45 Wis. 2d 629, 633, 173 N. W. 2d 700, this court holding: "When there is a demurrer to a complaint for a declaratory judgment, the question presented initially is not whether the complaint so states a meritorious cause of action that the plaintiffs should prevail on the merits if, in fact, the facts alleged are true, but rather it poses the question of whether the controversy is one which should be considered and heard on the merits. . . . The question raised on appeal is simply whether the declaratory judgment device may be properly used to adjudicate the plaintiffs' claim."

[10] *Selective Ins. Co. v. Michigan Mut. Liability Ins. Co.* (1967), 36 Wis. 2d 402, 408, 153 N. W. 2d 523, this court holding: ". . . It is well settled that the granting or denying of relief in declaratory judgment actions is a matter within the sound discretion of the trial court. In this case there has been no showing that the trial court abused its discretion [Cases cited]."

that the declaration of restrictions requires a landowner ". . . to submit for approval complete plans and specifications to it, of any structure to be erected on plaintiffs' land." Even if any type of pool, above or below surface, is considered to be such a "structure," there is no allegation that any pool plans were ever prepared or submitted to the defendant for approval. Nor is there anything to indicate that they would not have been approved if such plans had been submitted. With no change in status or addition of a structure submitted to defendant, we see no justiciable controversy here existing. Of course the plaintiffs would not be required to construct a pool and wait for an action to be brought against them before the validity and applicability of the restriction could be challenged and determined. However, with no plan prepared and none submitted for approval, we do not see here either a "justiciable controversy" or an issue "ripe for judicial determination."[11] As this court has stated, the exercise of discretion under this set of facts is discretionary with the trial court, and " '. . . where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it.' "[12]

*The dissolution.* We affirm the trial court holding that declaratory judgment does not here lie to effect an

[11] *See: Hancock v. Regents of University of Wisconsin* (1973), 61 Wis. 2d 484, 495, 213 N. W. 2d 45, this court holding: "The plaintiff never requested a change in status for the 1971–72 school year and, therefore, the defendants had no opportunity to deny the requested change and it follows that no controversy existed with respect to that year."

[12] *Miller v. Currie* (1932), 208 Wis. 199, 204, 242 N. W. 570, quoting *Washington-Detroit Theater Co. v. Moore* (1930), 249 Mich. 673, 677, 678, 229 N. W. 618, this court also holding: " 'The court will not decide as to future rights, but will wait until the event has happened, unless special considerations otherwise require. . . . A declaration will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event.' "

involuntary dissolution of the defendant corporation. Plaintiffs' complaint sought, via the route of declaratory judgment, ". . . to have the corporate entity called Indian Hills Estates, Inc., dissolved. . . ." The trial court held that a determination of the validity of the defendant corporation's incorporation or right to exist ". . . would be improper because it would purport to affect the rights of parties not before the court, such as the individual members of the defendant organization itself. . . ." We agree. The applicable statute provides that, where declaratory relief is sought, all persons shall be made parties who "would be affected by the declaration."[13] Our court has made clear that an action for declaratory relief " '. . . requires that all the interested parties shall be before the court.' "[14] This court has read together the provisions of the Declaratory Judgments Act[15] and the class actions statute[16] to outline a situation in which a representative defense for the interests of a class could be permitted in a declaratory judgment case, but the prerequisites for such trial court authorization have not here been pleaded nor established.[17] It is clear that

---

[13] Sec. 269.56 (11), Stats., provides: "(11) PARTIES. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding. . . ."

[14] *Miller v. Currie, supra,* footnote 12, at page 204.

[15] Sec. 269.56 (11), Stats.

[16] Sec. 260.12, Stats.

[17] *Lozoff v. Kaisershot* (1960), 11 Wis. 2d 485, 488, 489, 105 N. W. 2d 783, this court holding: "Sec. 260.12, Stats., provides that 'when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.'

"The parties defending for the class must have a right or interest in common with the persons represented, and must fairly represent the interest or right involved so that the issue may be fairly and honestly tried. *Pipkorn v. Brown Deer* (1960), 9 Wis. 2d 571, 577, 101 N. W. 2d 623. The question of whether it is

the trial court was here entitled to find a defect of parties as to the effort to dissolve the corporation. It is equally clear that even if all members of the corporation had been named as defendants the involuntary dissolution of defendant corporation could not have been accomplished in this action for declaratory relief. The general rule is that proceedings for the forfeiture of the charter of a corporation are, unless otherwise permitted by statute, to be "at the instance and on behalf of the state."[18] The Wisconsin legislature has made statutory provisions for the dissolution of a corporation: (1) Voluntary dissolution by act of its shareholders,[19] and (2) involuntary dissolution by court proceedings initiated by the state attorney general.[20] Neither of these statutorily authorized routes to dissolution was followed here, nor could either be in this action. Plaintiffs do not assert or rely upon any other statutory authorization for their seeking, as individual members of the corporation, to dissolve Indian Hills Estates, Inc., by the route of declaratory relief. It is enough here to hold that plaintiffs were not entitled to seek to dissolve the defendant corporation in this action for declaratory relief.

*By the Court.*—Order affirmed. Costs awarded to respondent.

---

impracticable to bring all interested persons before the court is largely a matter of discretion for the trial court. . . ."

[18] 19 Am. Jur. 2d, *Corporations*, p. 989, sec. 1634, stating: "As a general rule, and unless otherwise permitted by statute, proceedings for the forfeiture of the charter of a corporation must be at the instance and on behalf of the state and cannot be prosecuted by a private individual."

[19] Sec. 180.753, Stats.

[20] Sec. 180.769, Stats.