DONALD A. POPPY, District Attorney, Calumet County
You advise us that a person holding a valid class "B" retailers' license for the sale of fermented malt beverages pursuant to sec. 66.054 (8)(a), Stats., also conducts a restaurant business on his premises. He is allowing these facilities to be rented for auctions. You question whether the licensee, in permitting his facilities to be used for auctions, is in violation of the above statutes. You suggest that sec. 66.054 (8)(a), Stats., could conceivably be interpreted to mean that as long as a premises is also a restaurant, hotel, bowling alley, etc., then any other lawful business may be conducted on the licensed premises. Section 66.054 (8)(a), Stats., provides in pertinent part:
 "Class `B' retailers' licenses shall be issued only to persons 18 years of age or over of good moral character, who are citizens of the United States and of the state, and have resided in this state continuously for not less than one year prior to the date of filing the application. No such license shall be granted for any premises where any other business is conducted, in connection with said licensed premises and no other business may be conducted on such licensed premises after the granting of such license except that such restriction shall not apply to a hotel, or *Page 177 
to a restaurant not a part of or located in any mercantile establishment, or to a combination grocery store and tavern, or to a combination sporting goods store and tavern in towns, villages and cities of the fourth class, or to novelty store and tavern, or to a bowling alley or recreation premises or to a bona fide club, society or lodge that shall have been in existence for not less than 6 months prior to the date of filing application for such license. . . ."
Section 66.054 (15), Stats., subjects those in violation of sec. 66.054 (8)(a), Stats., to penalties of up to a $500 fine or imprisonment of up to 90 days in the county jail, or both.
It is my opinion that sec. 66.054 (8) (a), Stats., does not operate to permit the auction business to be conducted on these premises. This result is consistent with the opinion of 24 Op. Att'y Gen. 425 (1935) to the effect that it would be unlawful to operate a restaurant and grocery store combination on a licensed class "B" retailer's premises.
Section 66.054 (8)(a), Stats., must be strictly construed. As stated in Corpus Juris Secundum:
 "Statutes and ordinances imposing licenses and business taxes are generally to be construed liberally in favor of the citizen and strictly against the government, whether state or municipal, especially where they provide penalties for their violation." 53 C.J.S. Licenses sec. 13, pp. 495-496 (1948).
This general principle of strict construction if applied automatically would appear to limit the application of the statute and permit the conduct of any other lawful business on the premises.
Nevertheless, our Supreme Court, in commenting upon the construction of a penal statute, has said that:
 "[w]hile such statute must be construed with such strictness as carefully to safeguard the rights of the defendant and at the same time preserve the obvious intention of the legislature, the rule of strict construction is not violated by taking the commonsense view of the statute as a whole and giving effect to the object of the legislature, if a reasonable construction of the words permits it. [Citing cases.]" Zarnott v. Timken-Detroit Axle Co., 244 Wis. 596, 600, 13 N.W.2d 53 (1944). *Page 178 
An identical view of the limits of the canon of strict construction has been expressed by the United States Supreme Court:
 "The canon in favor of strict construction [of penal statutes] is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the `narrowest meaning'; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers." United States v. Brown, 333 U.S. 18, 25-26 (1948); accord, United States v. Moore, 423 U.S. 122, 145 (1975).
The wording of the statute itself convinces me that the Legislature intended to generally prohibit the conduct of all business on the premises of licensed class "B" retailers of fermented malt beverages, subject only to a very few limited and specific exceptions. For example, one specific exception to the rule exists where a restaurant business is conducted on the licensed premises. A common sense approach necessarily suggests that the exceptions should not work to obviate the rule. To suggest that these circumstances then permit the licensee to engage in any other business on the premises would allow the exceptions to swallow the rule and such an interpretation thus runs contrary to the meaning and intent of the Legislature. A reasonable construction of the words of sec. 66.054 (8)(a), Stats., taken as a whole, supports this conclusion.
BCL:WLG