James ANNOYE and Sandra Annoye, Plaintiffs-
Appellants,

v.

SISTER BAY RESORT CONDOMINIUM ASSOCIATION, INC.,
Defendant-Respondent.

Court of Appeals

*No. 02–0477–FT. Submitted on briefs June 4, 2002.—Decided
July 2, 2002.*

2002 WI App 218

(Also reported in 652 N.W.2d 653.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Philip J. Danen* and *Tina M. Dahle* of *Denissen, Kranzush, Mahoney & Ewald, S.C.*, Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John P. Brady* of *Weiss Berzowski Brady LLP*, Delafield.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.[1]    James and Sandra Annoye appeal an order dismissing their claim for declaratory relief against the Sister Bay Resort Condominium Association. The Annoyes sought a declaration that the merging of Sister Bay Resort Condominium with the

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17.

Yacht Club at Sister Bay Resort Condominium was unlawful. The circuit court granted the Association's motion to dismiss because it concluded that the Association was not a proper party to the action and that the Annoyes therefore failed to state a claim upon which relief could be granted.

¶ 2. We conclude that under WIS. STAT. § 806.04(11), the Association was an interested party and, therefore, is a proper party to the action. We also conclude that under § 806.04(11), the individual unit owners are necessary parties to the action. Therefore, we reverse the order and remand with directions to allow the Annoyes to amend their complaint to include the individual unit owners.

## BACKGROUND

¶ 3. The Sister Bay Resort Condominium Association was created in 1985. In April 2000, the Annoyes purchased unit number 532 of the Sister Bay Resort Condominiums.

¶ 4. On August 1, 2001, the unit owners entered into a merger agreement with the Yacht Club at Sister Bay Condominium. *See* WIS. STAT. § 703.275(4). The Annoyes were one of five unit owners who did not approve the merger agreement.

¶ 5. On September 26, 2001, the Annoyes filed a complaint against the Sister Bay Resort Condominium Association, seeking a declaratory judgment that the condominium merger violated WIS. STAT. §§ 703.13 and 703.26. The Annoyes claimed that the percentage of their undivided interest in the condominium could not be changed without unanimous written consent of all the unit owners. *See* WIS. STAT. § 703.13(4). According to the Annoyes, the only exception to this rule was in the case of expandable condominiums under § 703.26.

¶ 6. Under Wis. Stat. § 703.26(2)(d), the right to expand the condominium must be exercised within ten years of the date of the recording the original condominium declaration. Accordingly, the Annoyes claimed the right to expand the Sister Bay Resort Condominium expired in 1995. Therefore, the Annoyes concluded that their undivided interest in the condominium cannot legally change without unanimous consent of all of the unit owners.

¶ 7. The Association moved to dismiss the complaint and argued that the individual unit owners, not the Association, were the proper parties to this action. The circuit court granted the Association's motion and dismissed the Annoyes' complaint. The court held that the Association did not have any interest that would be affected by a declaratory judgment and that the proper parties were the individual unit owners. The court therefore concluded that the Annoyes failed to state a claim upon which relief could be granted.

## STANDARD OF REVIEW

¶ 8. We independently review the circuit court's dismissal of the Annoyes' suit for failure to state a claim. *See Evers v. Sullivan*, 2000 WI App 144, ¶ 5, 237 Wis. 2d 759, 615 N.W.2d 680.

## DISCUSSION

¶ 9. The Annoyes argue that the Association is an interested party and, therefore, a proper party under Wis. Stat. § 806.04(11). We agree.

¶ 10. Wisconsin Stat. § 806.04(11) requires that "all persons . . . who have or claim *any interest* which would be affected by the declaration" be joined in an

action for declaratory relief. (Emphasis added.) The purpose of the statute "is to make it certain that the declaration will terminate the controversy . . . ." *Lozoff v. Kaisershot*, 11 Wis. 2d 485, 491, 105 N.W.2d 783 (1960).

¶ 11. The Association argues that because it does not have a property interest in the condominium, it is not a proper party to this action under § 841.01(1).[2] It is true that § 841.01(1) does permit "Any person claiming an interest in real property [to] maintain an action against any person claiming a conflicting interest . . . ." However, the statute does not limit declaratory judgments to those who have conflicting property interests. WISCONSIN STAT. § 806.04(11) requires joinder of a party who has any interest - property or otherwise - that would be affected by the declaration.

¶ 12. Here, prior to the merger, the Association possessed all of the power, rights, obligations, assets and liabilities articulated in WIS. STAT. § 703.15(3). The Association lost those rights at the time of the merger. If the Annoyes' declaratory judgment is successful, the Association's rights would be restored.

¶ 13. We conclude that the Association has an interest under WIS. STAT. § 806.04(11) and that it was a proper party to the action. Therefore, we reverse the order dismissing Annoyes' complaint.

¶ 14. However, the circuit court also found that the unit owners were proper and necessary parties to

[2] WISCONSIN STAT. § 841.01(1) reads as follows: "Any person claiming an interest in real property may maintain an action against any person claiming a conflicting interest, and may demand a declaration of interests."

any action seeking to declare the merger of condominiums unlawful: "The unit owners are the owners of the condominium. Obviously their interests would be affected by the merger or the consolidation of these two condominiums. . . . Again, as I've already ruled, I think it's clear that those unit owners need to be made parties to this lawsuit . . . ." We agree with the court. Under WIS. STAT. § 806.04(11), persons who have any interest that would be affected by the declaratory relief are required to be joined in the action. Unit owners are necessary parties because the relief claimed by the Annoyes' challenge to the merger affects the owners' real property interests. Therefore, we remand to the circuit court with directions to allow the Annoyes to amend their complaint to add the individual unit owners as parties to this action.

*By the Court.*—Order reversed and cause remanded with directions.