VAN DIEN, individually and on behalf of the stockholders of BADGER BUILDERS, INC., similarly situated; DANAHER, individually and on behalf of the stockholders of W. J. RIOPELLE & ASSOCIATES, INC., similarly situated; and STRUCTURAL PRODUCTS CORPORATION, Respondents, v. WILFRED J. RIOPELLE, a/k/a W. J. RIOPELLE; BADGER BUILDERS, INC., W. J. RIOPELLE & ASSOCIATES, INC., and U. S. INVESTMENT CORPORATION, Appellants.

*No. 52.   Argued October 31, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 615.)

For the appellants there was a brief by *Lichtsinn, Dede, Anderson & Ryan,* and oral argument by *Peter Haensel,* all of Milwaukee.

For the respondents there was a brief by *Petrie, Stocking, Meixner & Zeisig,* attorneys, and *Earl L. Meixner* of counsel, all of Milwaukee, and oral argument by *Earl L. Meixner.*

HALLOWS, C. J. We think there are three causes of action, one vested in each of the plaintiffs but that these causes are properly joined. According to the complaint, each of the plaintiffs has been separately wronged and seeks from the defendants an accounting so he and the other plaintiffs may recover damages to the extent of their respective and interdependent rights.

Sec. 263.04, Stats.,[1] relating to what causes of action may be united in the same complaint, has not been violated. Each of the three causes of action for an accounting affect "all the parties to the action" and this is the only element of sec. 263.04 which is challenged. Likewise, the plaintiffs were properly joined under sec. 260.10,[2] which must be read with sec. 263.04. *Whaling v. Stone Construction Co.* (1958), 5 Wis. 2d 113, 92 N. W. 2d 278.

All the plaintiffs have an interest in the subject matter of the action and are also interested in obtaining the

[1] "263.04 **Uniting causes of action.** The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

[2] "260.10 **Who may be joined as plaintiffs.** All persons having an interest in the subject of the action or in obtaining the relief demanded may be joined as plaintiffs."

accounting relief demanded. The three accounting actions are so interrelated in subject matter that in many respects they would be duplicitous if the accountings were had separately. The intermixing of the assets of the corporations among the corporations and with Riopelle's personal assets created a situation where the relief of accounting is of interest and a necessity to all three plaintiffs.

This interest is also based upon the fact the amount of recovery of each plaintiff is relative and dependent upon the amount of recovery by the other plaintiffs. This interrelationship, while not amounting to a single cause of action, is sufficient to justify the joining of the causes of action for an accounting under sec. 263.04, Stats. True, the purpose of the accounting is to restore to each plaintiff only that which belongs to him. This relief, however, is "incidental, auxiliary, or germane to the principal controversy." *Whaling v. Stone Construction Co., supra. See also Boerschinger v. Elkay Enterprises, Inc.* (1965), 26 Wis. 2d 102, 132 N. W. 2d 258, 133 N. W. 2d 333. In *Rogers v. Oconomowoc* (1962), 16 Wis. 2d 621, 115 N. W. 2d 635, we stated that sec. 260.11, Stats., [who can be joined as defendants] prevails over sec. 263.04 if there is a conflict between them. This rationale is equally applicable to a construction of sec. 260.10 [who may be joined as plaintiffs] and sec. 263.04. If there is a conflict between those statutes, sec. 260.10 must prevail. The incidental relief need not be identical in an accounting case.

This reasoning, of course, does not apply to an automobile accident where several persons are involved because in such a case the recovery of each individually injured person has no relationship and does not depend upon the amount of the recovery of the other. Such cases give rise to separate causes of action which often may be tried together for purposes of trial but may not be joined in one suit. Similarly, a plaintiff cannot join separate causes of action against different defendants.

*Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 135 N. W. 2d 284; *Fitzwilliams v. O'Shaughnessy*, ante, p. 123, 161 N. W. 2d 242.

While the defendant Investment, by its demurrer, argues the complaint fails to state a cause of action because there is no allegation that Investment committed any improper acts, still Investment is properly joined as a party defendant. Sec. 260.11 (1), Stats., provides, in part, that any person may be made a defendant who is necessary "to a complete determination or settlement of the questions involved therein." Its assets and liabilities are involved in the accounting because of the actions of its president and director Riopelle and a complete determination by an accounting cannot be had without Investment.

*By the Court.*—Order affirmed.