EWING, by Guardian *ad litem,* and others, Respondents, v. GENERAL MOTORS CORPORATION and others, Appellants.

*No. 520 (1974). Argued November 25, 1975.—Decided December 19, 1975.*

(Also reported in 236 N. W. 2d 200.)

For the appellants there was a brief by *Cook & Franke S. C.*, attorneys, and *Robert E. Cook* and *Robert L. Elliott* of counsel, all of Milwaukee, and oral argument by *Robert E. Cook.*

For the plaintiff-respondents there was a brief and oral argument by *Richard A. Hanson* of Milwaukee.

For the defendants-respondents there were briefs by *Marvin E. Klitsner, Timothy C. Frautschi, John S. Skilton* and *Foley & Lardner*, all of Milwaukee, attorneys, and *Frazer F. Hilder* of Detroit, of counsel, and oral argument by *Mr. Skilton*, for General Motors Corporation; by *Kasdorf, Dall, Lewis & Swietlik*, attorneys, and *John M. Swietlik* and *Russell M. Ware* of counsel, all of Milwaukee, for AAMCO Automatic Transmissions, Inc.; and by *Charles W. Cape* of Milwaukee for John and Paul, Inc.

WILKIE, C. J.   This appeal is from an order overruling a demurrer of the defendants-appellants, Georgia Gaultney and Sentry Insurance, to a complaint by the plaintiff, Angelo Ewing, in litigation arising out of a single-car accident which occurred near Corinth, Mississippi, on July 19, 1971. The demurrer was entered on the claim that the plaintiff had misjoined several causes of action. We affirm the trial court order overruling the demurrer.

According to the plaintiffs' pleadings, the accident occurred when a Buick automobile, owned by Julia Ewing and driven by Georgia Gaultney, left the highway and struck an embankment, causing severe injuries to the plaintiffs-passengers, Julia Ewing and her children, Gloria Ewing and Adella Ewing. Georgia Gaultney was operating the car, apparently with Julia Ewing's permis-

sion, and was an additional insured under Julia Ewing's insurance policy with Sentry.

The second amended complaint is a long and complicated pleading. In it the three passengers, all Milwaukee residents, first claimed against the manufacturer, General Motors, in separate theories of strict liability in tort, negligence, and breach of implied warranty. In general the ground of these claims was that an engine mount failure had led to a jamming of the accelerator and loss of steering and braking. The three passengers also sued Aamco Automatic Transmissions, Inc., and a Milwaukee Aamco transmission center, John and Paul, Inc., also in strict liability, negligence, and breach of implied warranty. Here the allegation was that, when the transmission on the car was replaced in 1969, it was improperly attached to the car frame so that, on the date of the accident, it became unseated from the car frame. These three passengers did not sue either Georgia Gaultney or Sentry Insurance, apparently because they had already given releases or otherwise settled their claim with respect to these defendants. Angelo Ewing, the husband of Julia and father of Gloria and Adella, sued General Motors, Aamco, and John and Paul, Inc., under the same three theories of liability, claiming damages due to medical expenses, loss of society and companionship, and as to Julia, loss of consortium. Both Angelo and the three passengers sued General Motors for punitive damages. The final claim in the complaint (and the one which is the source of the demurrer and appeal here) is Angelo Ewing's allegation that the accident was due to the negligent management and control of the car by Georgia Gaultney, for which he seeks damages for medical expenses and loss of society from Georgia Gaultney and Sentry Insurance.

In their responsive pleadings both General Motors and Aamco asserted as an affirmative defense the negligence of Georgia Gaultney in driving the car. They also pled

as an affirmative defense an order approving a settlement, on behalf of a minor, entered by the Milwaukee County Circuit Court in favor of the minor passenger, Adella Ewing, in which it was allegedly determined that Georgia Gaultney's negligence had been the cause of the accident. Both General Motors and Aamco cross-claimed against Georgia Gaultney and Sentry Insurance for contribution.

Appellants argue that sec. 263.04, Stats.,[1] requires that their demurrer be sustained for misjoinder of several causes of action. We disagree.

The threshold question that is raised before the issue of alleged improper joinder is considered is whether Angelo Ewing, in the second amended complaint, has asserted more than one cause of action. In *Caygill v. Ipsen*[2] we stated that "If there is but a single cause of action stated by the plaintiff, the question of misjoinder does not arise. . . ."

We conclude that, no matter which modern definition of cause of action is employed, Angelo Ewing has only one cause of action, and thus sec. 263.04, interpreted as a statute limiting claims joinder by a single plaintiff, is inapplicable to this case.

According to *Rogers v. Oconomowoc*,[3] the test of whether there is more than one cause of action is ". . . whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication." In *Rogers* an injured swimmer sued the city which owned the beach, the municipal director, and the lifeguard on duty under various theories of liability.

---

[1] "263.04 **Uniting causes of action.** The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

[2] (1965), 27 Wis. 2d 578, 581, 135 N. W. 2d 284.

[3] (1962), 16 Wis. 2d 621, 627, 115 N. W. 2d 635.

This court held that, since there was only one subject of controversy (the accident), and one primary right (the right to be free from tortious invasion of the person), there was only one cause of action stated by the plaintiff, and thus the complaint was not demurrable under sec. 263.04. The same conclusion must be reached here, where there is only one subject of controversy (the accident in Corinth, Mississippi, on July 19, 1971), and one primary right (the right of Angelo Ewing to be free from tortious interference with his family).

*Rogers* also advanced the "single occurrence" definition of a cause of action[4] which has since become the prevailing definition in Wisconsin.[5] According to this definition, there is only one cause of action if there is only one grouping of facts falling into a single unit or occurrence as a lay person would view them. In this case it is apparent that there has been but one occurrence out of which Angelo Ewing's right to recovery has arisen, namely, the 1971 accident. Since Angelo Ewing has but one cause of action in this case, it is impossible for him to improperly join several causes of action in violation of sec. 263.04, Stats. The fact that he has in his complaint termed his various theories of recovery "causes of action" is not controlling since this court looks, not to the form of the pleadings, but to the substance of the allegations in determining whether there is more than one cause of action.[6] From these allegations it is clear that, in spite of the various theories of recovery urged against various defendants, Angelo Ewing's complaint consists of one grouping of facts falling into a single unit and, therefore, pleads but one cause of action.

[4] *Id.* at pages 627, 628.

[5] *See, for example: Schlosser v. Allis-Chalmers Corp.* (1974), 65 Wis. 2d 153, 159, 222 N. W. 2d 156; *Hartwig v. Bitter* (1966), 29 Wis. 2d 653, 660, 139 N. W. 2d 644; *Caygill v. Ipsen, supra,* footnote 2, at page 582.

[6] *Caygill v. Ipsen, supra,* footnote 2, at page 583.

The joinder of all the parties-defendant here is proper under sec. 260.11, Stats. All of the defendants are alleged joint tort-feasors, the alleged negligent driving of Georgia Gaultney, the alleged defective manufacturing of the automobile by General Motors and Buick, the defective transmission repair by Aamco and John and Paul, Inc., all combined in one time and in one place to cause the accident and to inflict individual injury upon the plaintiffs, Angelo Ewing, his wife Julia, and their daughters Gloria and Adella.

None of the cases cited by appellants require a different result. They all involve consecutive tort-feasors, that is, a situation where joinder is impermissible because each defendant has caused a separate accident, removed in time and place from another accident. For example, in *Caygill* this court held that joinder of two defendants was impermissible where each defendant had allegedly caused a separate accident, and the accidents occurred more than six months apart and in different counties. Such a factual situation is obviously distinguishable from the instant "single occurrence" situation.

The joinder of all the parties-plaintiff is also proper in this litigation. Sec. 260.10, Stats., provides that "All persons having an interest in the subject of the action . . ." may be joined as plaintiffs. Sec. 260.12, Stats., provides in relevant part as follows:

". . . And when more than one person makes a separate claim for damage against the same person or persons based upon the same alleged tortious conduct, they may unite in prosecuting their claims in one action."

These two statutes have been interpreted to allow a husband who has incurred medical expenses and suffered a loss of companionship to join in a suit with his injured wife against an allegedly negligent driver and his insurance company.[7]

---

[7] *Olson v. Johnson* (1954), 267 Wis. 462, 467, 66 N. W. 2d 346.

The same result as to joinder of plaintiffs must be reached in this case. Angelo Ewing has a definite interest in the subject of his wife's and daughters' causes of action (the 1971 accident) against the defendants since his own recovery is derived from the exact same subject. In addition, he is making a claim against the same persons as his family, based upon the same alleged tortious conduct, and so he may unite with them in prosecuting his claim. It is true that he is claiming against two additional defendants as well (Gaultney and Sentry Insurance). However, this discrepancy apparently arises only because the other plaintiffs have released these two defendants. This fact alone should not prevent the plaintiffs from prosecuting their claims together, especially since Gaultney and Sentry are properly joined as party-defendants under sec. 260.11.

Once again, this single-incident situation is clearly distinguishable from the situation where two plaintiffs try to join two claims against a defendant when the claims arise out of two completely different incidents. Thus, in *Hartwig v. Bitter*,[8] this court held that two plaintiffs who had allegedly been damaged by two separate acts of misrepresentation more than two years apart by the same defendant could not join their claims together under secs. 260.10 and 260.12, Stats.

Appellants rely heavily upon a dictum in *Van Dien v. Riopelle*. In that case this court held that three plaintiffs who had joined together in an equitable action for an accounting met the requirements of sec. 260.10. The court went on to make the following statement:

"This reasoning, of course, does not apply to an automobile accident where several persons are involved because in such a case the recovery of each individually injured person has no relationship and does not depend upon the amount of the recovery of the other. Such cases

---

[8] *Supra,* footnote 4.

give rise to separate causes of action which often may be tried together for purposes of trial but may not be joined in one suit."[9]

But this dictum is not an accurate statement of the law. First of all, while it is true that in such a case the amounts of recovery of individually injured plaintiffs are dissimilar, it is also true that their rights to recover anything at all are closely related since they depend upon proof that someone was negligent in the common accident which caused their injuries. Thus it follows that, because there are common questions of fact arising out of the same accident, each individually injured plaintiff has an "interest" in the subject matter of the other plaintiff's action, and so they should be able to join together. Moreover, in making this dictum, the *Van Dien* court did not take sec. 260.12 into account, and that section explicitly allows plaintiffs who are individually injured in the same accident to join together in one suit.

It is also apparent here that the administration of justice will be promoted by affirming the trial court's decision. The complaint in this case joins together in a single suit all the parties who have been damaged by, and all the parties who are responsible for, the injuries sustained in the 1971 accident. If Gaultney and Sentry are split off from this action, the number of lawsuits increases and so does the possibility of inconsistent results. No useful purpose would be served by sustaining the demurrer in this case. It should be noted that, under the new Rules of Civil Procedure, effective January 1, 1976, all of these plaintiffs could join all of these causes of action against all of these defendants in a single economical suit.[10]

*By the Court.*—Order affirmed.

---

[9] (1968), 40 Wis. 2d 719, 723, 162 N. W. 2d 615.

[10] Sec. 803.04, Stats. (party joinder), sec. 803.02 (claims joinder).