NOLTE, and others, Appellants, v. MICHELS PIPELINE CONSTRUCTION, INC., and others, Respondents.

*No. 76–219. Submitted on briefs April 6, 1978.—
Decided May 2, 1978.*
(Also reported in 265 N. W. 2d 482.)

172

For the appellants the cause was submitted on the briefs of *Lawrence G. Wickert, Harold H. Fuhrman, John P. Roemer,* and *Wickert & Fuhrman* of Milwaukee.

For respondent Michels Pipeline Construction, Inc., the cause was submitted on the brief of *Law Office C. Donald Straub* of Milwaukee.

A joint brief was submitted by *Ewald L. Moerke, Jr., Robert Arthur Melin,* and *Schroeder, Gedlen, Riester & Moerke* of Milwaukee, for Metropolitan Sewerage Commission of the County of Milwaukee, and Metropolitan Sewerage District of the County of Milwaukee; and by *James B. Brennan,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, for Sewerage Commission of the City of Milwaukee.

HANLEY, J.   Two issues are presented on appeal:

1. Did the trial court err in holding that the action was not a proper class action?

2. If the answer is no, then did the trial court err in concluding that the causes of action of the named plaintiffs were properly joined?

*Class Actions*

The plaintiffs contend that this action was properly commenced as a class action, and that because the requirements of secs. 263.04 and 260.10, Stats. (1973), are not applicable to class actions properly brought under 260.12 (1973), *Schlosser v. Allis-Chalmers Corp.,* 65 Wis.2d 153, 160–68, 222 N.W.2d 156 (1974), the trial court erred when it sustained the defendants' demurrers "solely for the reason that the plaintiffs' causes of action have not been separately stated."

The plaintiffs apparently assume there is no issue as to whether this action is properly maintained as a class action. This assumption is based on language contained in *State v. Michels Pipeline Construction, Inc., supra* at

303b, where this court stated that the newly adopted *Restatement (Second) of Torts* test for liability arising from the use of ground water would apply prospectively only, "except as to those individually named plaintiffs appearing as amici curiae, including others in the class in the related case of *Dale Nolte, et al. v. Michels Pipeline Construction, Inc.,* . . . whom they alleged to represent. . . ." Contrary to what the plaintiffs believe, this language does not settle the question of whether the instant suit is an appropriate class action. Rather, it only recognized that the instant action should benefit from the rule of liability adopted in that case.

When this action was commenced, sec. 260.12, Stats. (1973), provided:

"260.12 Parties united in interest to be joined; class actions; alternative joinder. Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint; *and when the question is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.* And when more than one person makes a separate claim for damage against the same person or persons based upon the same alleged tortious conduct, they may unite in prosecuting their claims in one action." (Emphasis supplied).

Three criteria must be satisfied in order for an action to be maintained under this section:

"(1) The named parties 'must have a right or interest in common with the persons represented;' (2) the named parties 'must fairly represent the interest or right involved so that the issue may be fairly and honestly tried;' and (3) it must be 'impracticable to bring all interested persons before the court.' " *Schlosser v. Allis-Chambers Corp., supra* at 169.

Only these requirements, and not those of the general joinder statutes, apply to actions properly maintained as class actions. *Schlosser v. Allis-Chalmers Corp., supra* at 161.

In *Hicks v. Milwaukee County,* 71 Wis.2d 401, 406, 238 N.W.2d 509 (1976), this court noted that "[i]f, under the facts of the case, a simplification of the law suit will result and a multiplicity of litigation can be avoided, an action may be maintained on behalf of a class where each member of the class has a separate cause of action for money damages." The determination of whether the benefits to be derived from such a procedure outweigh the inherent difficulties so as to justify maintaining a suit as a class action is one addressed to the discretion of the court, *Lozoff v. Kaisershot,* 11 Wis.2d 485, 488–89, 105 N.W.2d 783 (1960) ; *Pipkorn v. Brown Deer,* 9 Wis. 2d 571, 578–79, 101 N.W.2d 623 (1960).

" '[T]he court must determine whether the advantages of disposing of the entire controversy in one proceeding are outweighed by the difficulties of combining divergent issues and persons. It is a question of the balance of convenience whether the court will settle all the issues in one suit; or will settle only the common question in one suit and then allow the independent questions to proceed in separate equity suits; or not settle the controversy at all in a single suit.' " *Schlosser v. Allis-Chalmers Corp., supra* at 172, *quoting* Z. Chaffee, *Some Problems in Equity,* 193 (1950).

In the instant case, the trial court concluded that the plaintiffs' suit did not satisfy the requirement that the named parties have a right or interest in common with the class members. Essentially, the court concluded that the issues common to both the named plaintiffs and the class members were outweighed by the issues particular to the individual plaintiffs and class members. On this appeal, then, the question is whether the trial court abused its discretion in so concluding.

The amended complaint rests on the theory of liability for the negligent withdrawal of groundwater recently recognized by the court in *State v. Michels Pipeline Construction, supra,* a nuisance action commenced by the state against these same defendants and arising out of the same facts. In that case, this court adopted the rule of sec. 858A of the *Restatement (Second) of Torts,* which states, in pertinent part:

"A possessor of land or his grantee who withdraws groundwater from the land and uses it for a beneficial purpose is not subject to liability for interference with the use of water by another, unless

"(a) the withdrawal of water causes unreasonable harm through lowering the water table or reducing artesian pressure, . . ."

The trial court initially determined that the amended complaint set forth sufficient facts to state a cause of action based on this theory against the defendants, the County Commission and District, the City Commission and Michels; but the court sustained the County's demurrer and dismissed the action as to it. These conclusions are not contested on this appeal.

However, the trial court reasoned that even though the named plaintiffs had in common with the class members an interest in those issues concerning the defendants' liability for the dewatering, the issues concerning causation and the amount of damage sustained by them were substantial and particular to each. Unlike the situation presented in *Schlosser,* the trial court concluded, the determination of the amount of damages to which each class member would be entitled could not be accomplished merely by reference to business records in the defendants' possession:

"In this case, . . . it is not manifest that the defendants' allegedly unlawful conduct affected each member of the class in the same way. One member may have

sustained a cracked driveway, while another may have been damaged by the drying up of a well. In addition, the determination of damages will be distinct and possibly difficult as to each member, and thus, this case is against distinguishable from *Schlosser, supra,* where the individual damages could be easily determined by reference to insurance records."

In this respect, the difficulties which would attend the determination of damages in this case—including, perhaps, the calling of the class members themselves to testify as to the damage sustained by them—distinguishes this case from previous cases in which a class action for money damages has been sustained. *See, e.g., Mussallem v. Diners' Club, Inc.,* 69 Wis.2d 437, 230 N.W.2d 717 (1975) (action to recover usurious interest exactions); *Schlosser v. Allis-Chalmers Corp., supra,* (action to recover damages arising out of defendant's unilateral modification of a group life insurance program for retired employees); *Peters v. International Harvestor Co.,* 248 Wis. 451, 22 N.W.2d 518 (1946) (action to recover damages resulting from illegal wage deductions). In those cases, "some allegedly unlawful act or series of identical acts of the employer [or creditor] *injured each member of the class in the same way,* but produced a different amount of damages." *Schlosser v. Allis-Chalmers Corp., supra* at 173. (Emphasis supplied). Here, the complaint clearly indicates that the various surrounding landowners were injured in various different ways.

In addition, there is an aspect of this action which apparently was not considered by the trial court but which bears on the question of whether this is an appropriate class action. Under the rule adopted in *State v. Michels Pipeline Construction, supra,* a landowner will not be liable for interference with another's use of water unless unreasonable harm is caused by the actor's withdrawal of groundwater. Thus, this theory of liability is inherently antagonistic to the class action criteria dis-

cussed above: not only would the question of damages be particularized as to each individual class member, but the question of the defendants' liability for the harm would likewise be particularized. Massive cracks appearing in the basement walls of one of the class members might constitute unreasonable harm under the rule, whereas the appearance of a minor crack in the driveway of another might not. While we do not hold that under no circumstances may a class action be maintained under this theory of liability, we do note that this theory may pose substantial difficulties upon which a trial court might determine that a class action would be inappropriate.

Thus, we conclude that the trial court did not abuse its discretion in determining that this was not an appropriate class action.

*Party Joinder*

The defendants, by their notices of review, request this court to determine whether the trial court erred in concluding that the named plaintiffs' causes of action were properly joined.

When this action was commenced, sec. 260.10, Stats. (1973) provided that, "[a]ll persons having an interest in the subject of the action . . . may be joined as plaintiffs." Furthermore, sec. 260.12, Stats. (1973), provided in relative part:

"[W]hen more than one person makes a separate claim for damage against the same person or persons based upon the same alleged tortious conduct, they may unite in prosecuting their claims in one action."

The defendants argue that there is no one "subject of the action" in this case common to the individual plaintiffs so as to permit joinder under these sections: "[The plaintiffs] do not seek to divide a common fund or determine ownership rights to property in which they all claim an

interest. Nor do they have an interest 'in obtaining the relief demanded,' since they each seek a separate damages recovery." *Schlosser v. Allis-Chalmers Corp., supra* at 159–60, citing *Van Dien v. Riopelle,* 40 Wis.2d 719, 162 N.W.2d 615 (1968) ; and *Hartwig v. Bitter,* 29 Wis. 2d 653, 139 N.W.2d 644 (1966).

In *Hartwig v. Bitter, supra,* this court held that two plaintiffs who had allegedly been damaged by two separate acts of misrepresentation more than two years apart by the same defendant could not join their claims under secs. 260.10 and 260.12, Stats. In *Van Dien v. Riopelle, supra,* this court held that three plaintiffs who had been joined together in an equitable action for an accounting met the requirements of sec. 260.10, Stats., but then went on to say:

"This reasoning, of course, does not apply to an automobile accident where several persons are involved because in such a case the recovery of each individually injured person has no relationship and does not depend upon the amount of the recovery of the other. Such cases give rise to separate causes of action which often may be tried together for purposes of trial but may not be joined in one suit." *Van Dien v. Riopelle, supra* at 723.

More recent is the case of *Ewing v. General Motors Corp.,* 70 Wis.2d 962, 236 N.W.2d 200 (1975). There, three passengers of an automobile which was involved in an accident brought a single lawsuit against the manufacturer and two other corporations which had done repair work on the automobile. Against each defendant, these plaintiffs sought damages on the theories of strict liability, negligence and breach of warranty. Joining them in this lawsuit was the husband and father of the three. He sued the same defendants under the same theories, claiming damages due to medical expenses, loss of society and companionship and, as to his wife, loss of consortium. He also sued a fourth defendant: the driver of the automobile. A demurrer to the complaint on the

grounds of improper joinder of causes of action was overruled by the trial court, and on appeal this court explained the criteria for party joinder under secs. 260.10 and 260.12, Stats. (1973) as follows:

"First of all, while it is true that in such a case the amounts of recovery of individually injured plaintiffs are dissimilar, it is also true that their rights to recover anything at all are closely related since they depend upon proof that someone was negligent in the common accident which caused their injuries. Thus it follows that, because there are common questions of fact arising out of the same accident, each individually injured plaintiff has an 'interest' in the subject matter of the other plaintiff's action, and so they should be able to join together." *Ewing v. General Motors Corp., supra* at 970.

In *Ewing,* this court dismissed the above quoted language from *Van Dien* as "not an accurate statement of the law," *Ewing v. General Motors Corp., supra* at 970, and affirmed the trial court order.

The following year, this court used a similar analysis to conclude that two plaintiffs seeking to recover punitive as well as compensatory damages were properly joined in a single lawsuit. In *Madison v. Hyland, Hall & Co.,* 73 Wis.2d 364, 243 N.W.2d 422 (1976), the City of Madison and Dane County commenced a civil anti-trust action against several defendants who, it was alleged, had submitted collusive bids on mechanical work during an eleven year period. Going first to the question of improper joinder of several causes of action under sec. 263.04, Stats. (1973), the court held that the complaint stated but one cause of action:

"[T]he complaint reveals but one grouping of facts which fall into a single unit, that is, one containing conspiracy among the defendants made with particular conspirators and contracts made pursuant to the alleged conspiracy. There is but one subject to the controversy— the conspiracy and the contracts growing out of it—and one primary right asserted—the right to be free from the collusive bids on the various contracts. . . . The same

facts constitute the identical cause of action for which the law gives separate remedies—treble damages and the recovery of contract payments." *Madison v. Hyland, Hall & Co., supra* at 379–80.

The court also held that the plaintiffs were properly joined under secs. 260.10 and 260.12, Stats. (1973): "[P]laintiffs rest their claim for treble damages and recovery of contract payments on the allegation that each of the defendants participated in the same tortious conduct. *Ewing, supra,* expressly permitted the recovery of dissimilar claims because there were common questions of fact that arose out of the same incident. . . ." *Madison v. Hyland, Hall & Co., supra* at 381.

In the instant case the plaintiffs allege that they were harmed by the dewatering activities of the defendant Michels in the course of constructing a sewer pursuant to a municipal contract. The plaintiffs alleged that, beginning in September, 1972, Michels removed subterranean water from a well in the area at an approximate rate of 5,500 gallons per minute, and continued dewatering until the commencement of this action at the rate of 3,500 gallons per minute. The complaint also alleges that the municipalities, under various theories, are liable for the tortious conduct of Michels, the validity of which has not been challenged on this appeal. We conclude, therefore, that this course of activity, together with the common interest in determining the liability of the municipal defendants for the acts of Michels, constitutes a sufficiently common interest in the subject matter of this action so as to permit joinder in accordance with *Ewing v. General Motors Corp., supra,* and *Madison v. Hyland, Hall & Co., supra.*

We think there remains one last aspect of this case for consideration, that is, the grounds on which the trial court did sustain the demurrer.

In its order, the trial court sustained the defendants' demurrers "solely for the reason that the plaintiffs' causes of action have not been separately stated." The requirement that the causes of action must be separately stated is found in sec. 263.04, Stats. (1973). When, as is the case in this instance, the only defect of the complaint is its failure to separately state the causes of action of the various plaintiffs, the defect has been viewed as one of lack of detail or precision, the remedy for which is by motion to make more definite and certain and not by demurrer. *See, Madison v. Hyland, Hall & Co., supra* at 384; *A C Storage Co. v. Madison Moving & Wrecking Corp.*, 38 Wis.2d 15, 22, 155 N.W.2d 567 (1968) ; *Caygill v. Ipsen*, 27 Wis.2d 578, 584, 135 N.W.2d 284 (1965).

The trial court's order sustaining the demurrer on the grounds that the plaintiffs did not separately state their causes of action probably accomplishes the same result as would a more appropriate order sustaining a motion to make more definite and certain: the plaintiffs were given 40 days to plead over. However, it must be noted that because it sustained the demurrer for the above stated reason, the trial court concluded that it was not necessary to consider Michels' motion to strike certain portions of the complaint referring to the parties who attempted to intervene in this action, and to references to the class. Thus, we conclude that it is more appropriate in this case to vacate the trial court's order of July 26, 1976 and remand the cause with directions to enter an order directing plaintiffs to make their complaint more definite and certain. This procedure will allow the trial court, on Michels' motion, to strike those portions of the complaint found to be irrelevant by this decision.

*By the Court.*—Order vacated and cause remanded for further proceedings consistent with this opinion.