LOWELL B. JACKSON, Secretary Department of Industry, Laborand Human Relations
Your predecessor asked whether the Wisconsin Open Housing Law, sec. 101.22, Stats., requires the Department of Industry, Labor and Human Relations (Department) to receive and process class action complaints of housing discrimination. In my opinion the law permits, but does not require, the receipt and processing of class action complaints by the Department.
The Wisconsin Open Housing Law embodies the "policy of this state that all persons shall have an equal opportunity for housing regardless of sex, race, color, handicap, religion, national origin, sex or marital status of the person maintaining a household, lawful source of income, age or ancestry." Sec. 101.22 (1), Stats. The law prohibits discrimination in housing on the bases enumerated, with certain limited exceptions. Sec. 101.22 (2) and (2)(g), Stats.
The Department is empowered to administer the Law. Sec. 101.22 (3), Stats. The Department "may receive and investigate complaints" of housing discrimination. Where, after hearing, the Department finds that discrimination has occurred, the Department "shall . . . order such action by the respondent as will effectuate the purposes of the [law]." Sec. 101.22 (4)(d), Stats. The Department's order is subject to administrative review by the Labor and Industry Review Commission and to subsequent judicial review in circuit court. Sec. 101.22 (4p) — (5), Stats. In circuit court, however, both the complainant and the respondent to the proceedings before the Department have a right to "a new trial on all issues relating to any alleged discrimination and a further right to a trial by jury." Sec. 102.22 (5), Stats.
Alternatively, since May 7, 1980, a person alleging a violation of the Wisconsin Open Housing Law can commence a private civil action in circuit court. Sec. 101.22 (7), Stats., created by ch. 188, Laws of 1979. Such civil action is "in addition to any other remedies contained in [the law]." Sec. 101.22 (7)(c), Stats. *Page 252 
At the same time that the Wisconsin Open Housing Law was amended to authorize a private civil action, the Wisconsin Open Housing Law's definition of the terms "discriminate" and "discrimination" was amended in part as follows: "`Discriminate' and `discrimination' mean to segregate, separate, exclude or treat any person or class of persons unequally because of sex, race, color, . . . [etc.]." Sec. 101.22 (1m)(b), Stats., as amended by ch. 188, Laws of 1979. The specific question posed by your predecessor is whether the reference in the amended definition to a "class of persons" requires the Department to receive and process class action complaints of housing discrimination.
A class action may be brought in court when (1) the named parties have a right or interest in common with the class of persons represented; (2) the named parties are able to fairly represent the common class interest for the benefit of the whole class; and (3) the joinder of all class members before the court would be impracticable. Sec. 803.08, Stats.; Schlosser v. Allis-ChalmersCorp., 65 Wis.2d 153, 169, 222 N.W.2d 156 (1974). The determination whether to allow an action to proceed as a class action is addressed to the discretion of the court. Nolte v.Michels Pipeline Const., Inc., 83 Wis.2d 171, 177,265 N.W.2d 482 (1978). The court must weigh the benefits to be gained from disposing of the entire controversy in a single proceeding against the inherent difficulties in maintaining a class action.O'Leary v. Howard Young Medical Center, 89 Wis.2d 156, 172,278 N.W.2d 217 (Ct.App. 1979).
Class actions are proper where individual monetary recoveries are sought as well as where equitable relief is sought. As the court explained in Schlosser, 65 Wis.2d at 175:
 It may be true that class actions will more often be proper where equitable relief is sought, because such cases may present fewer problems of individual proof. Nevertheless, there is no theoretical or practical reason why class actions for damages may not be maintained where, under the facts of the case, a simplification of the lawsuit would result and a multiplicity of litigation could be avoided. A class action may not be appropriate if each class member would have to appear and testify individually about a complex and disputed set of facts unique to him, in order to *Page 253 
establish his right to recover. Little time economy would be achieved. On the other hand where, as here, the questions individual to each class member are simple and would require little individual participation, there is no reason why a class action would not be appropriate. The question as to which of these situations was present in a given action would, of course, have to be decided by the trial court after a careful review of the facts.
The Wisconsin Open Housing Law, sec. 101.22, Stats., contains no express reference to class actions. Clearly, however, the private civil actions authorized by the Wisconsin Open Housing Law, sec. 101.22 (7), Stats., are subject to the rules of civil procedure including the provision permitting class actions. Sec.803.08, Stats. It is less clear whether the Department is authorized to receive and process class action complaints under the Wisconsin Open Housing Law.
Neither the Wisconsin Open Housing Law, sec. 101.22, Stats., nor the Wisconsin Administrative Procedure Act, ch. 227, Stats., expressly authorize the Department to conduct class actions in the administrative process. Nonetheless, courts in other states have consistently construed other state anti-discrimination laws to permit processing of class actions. Hotel, Motel, Restaurant,Etc., U. Loc. 879 v. Thomas, 551 P.2d 942, 946 (Alaska 1976);Richardson v. School Board of I.S.D. No. 271, 297 Minn. 91,210 N.W.2d 911 (1973); Ferguson v. United Parcel Service,270 Md. 202, 311 A.2d 220 (1973); Veeder-Root Co. v. Commission on HumanRts. Op., 165 Conn. 318, 334 A.2d 443 (1973); Commonwealth,Etc. v. United States Steel Corp. Etc., 10 Pa. Commw. Ct. 408,311 A.2d 170 (1973). The Wisconsin Supreme Court has yet to consider the issue but has hinted that the Department could order prospective classwide relief if the complaint were sufficiently broad. Chicago, M., St. P. P. RR. v. ILHR Dept., 62 Wis.2d 392,399-400, 215 N.W.2d 443 (1974); Watkins v. ILHR Department,69 Wis.2d 782, 797-99, 233 N.W.2d 360 (1975).
In my opinion, the Wisconsin Open Housing Law, sec. 101.22, Stats., implicitly authorizes the Department to receive and process class action complaints of housing discrimination. Such statutory interpretation is compelled, in my view, by the broad authority conferred upon the Department to administer the Wisconsin Open Housing *Page 254 
Law, sec. 101.22 (3) and (4)(a) — (d), Stats., and by the broad purpose of the Wisconsin Open Housing Law to assure equal opportunity for housing. Sec. 101.22 (1), Stats.; cf. WisconsinTelephone Co. v. ILHR Dept., 68 Wis. 345, 368, 228 N.W.2d 649
(1975); Richardson, 210 N.W.2d at 914.
Although I conclude that the Wisconsin Open Housing Law permits
the Department to receive and process class action complaints of housing discrimination, I further conclude that the Wisconsin Open Housing Law does not require the Department to do so. As noted earlier, the determination whether to allow an action to proceed as a class action is addressed to the discretion of the tribunal. Nolte, 83 Wis.2d at 177. In the case of administrative proceedings under the Wisconsin Open Housing Law, the Department is the tribunal given the discretion.
I do not believe there is any clear legislative intent torequire the Department to receive and process class action complaints of housing discrimination. On its face, the Wisconsin Open Housing Law imposes no such requirement. Although the term "discrimination" in the Wisconsin Open Housing Law was amended to encompass discrimination against a "class of persons," sec. 101.22 (1m)(b), Stats., as amended by ch. 188, Laws of 1979, and although such amendment supports the conclusion that the Wisconsin Open Housing Law permits the Department to receive and process class action complaints, I do not believe that such amendment evidences legislative intent to restrict the Department's discretion and to require it to receive class action complaints.
I am informed by the Assembly Committee on Aging, Women and Minorities that when the bill was pending which eventually amended the Wisconsin Open Housing Law, testimony was received at committee hearings which urged amendment of the bill to allow class action complaints. I note, however, that the same amendment which added the phrase "class of persons" to the Wisconsin Open Housing Law's definition of the term "discrimination," ch. 188, Laws of 1979, also authorized persons alleging discrimination to bring a private civil action. Sec. 101.22 (7), Stats. Thus, assuming that the addition of the phrase "class of persons" was intended by the Legislature to permit class action complaints, it is unclear whether such intent was limited *Page 255 
to the private civil actions or whether it extended also to the Department's receipt and processing of complaints. Even if the Legislature intended the latter, however, there is no indication that the Legislature intended to require rather than to permit
the Department to receive and process class action complaints.
I understand that the Department proposed to adopt a rule, section Ind 89.03 (1)(c) Wis. Adm. Code, which would provide:
 1. No class action complaints alleging housing discrimination may be filed with the [equal rights] division. However, for administrative convenience only, the division may combine complaints from different complainants for a consolidated hearing if each complaint alleges essentially the same type of discrimination against the same respondent. Any remedy ordered as a result of a consolidated hearing shall be individual relief granted to a complainant based upon the merits of his or her particular case. No class based remedies may be ordered, except that an order directing a respondent to cease and desist from engaging in discriminatory action in the future may be ordered.
 2. Upon the objection of the respondent, the hearing examiner shall determine whether a consolidated hearing of multiple complaints would prejudice the respondent's case. If the hearing examiner so finds, the complaints shall not be consolidated.
The Joint Committee for Review of Administrative Rules objected to the proposed rule and, pursuant to sec. 227.018 (5)(e), Stats., introduced bills which would amend the Wisconsin Open Housing Law, sec. 101.22 (3), Stats., to prevent the Department from adopting a rule which would "prohibit the processing of any class action complaint or the ordering of any class-based remedy." 1981 Senate Bill 539; 1981 Assembly Bill 712. The bills presently are pending in the Senate and Assembly Committees on Rules. Even if such bills are enacted, however, they merely would preclude the Department from adopting a rule barring the receipt and processing of class action complaints. They would not, in my view, require the Department to receive and process every class action complaint. Rather, consistent with judicial class actions, I believe that the Department would remain free to determine in each case whether the benefits to be *Page 256 
derived from a class action procedure outweigh the inherent difficulties.
It is my opinion, therefore, that the Wisconsin Open Housing Law permits, but does not require, the Department to receive and process class action complaints of housing discrimination.
BCL:DCR